**UPPER MORELAND TOWNSHIP SCHOOL DISTRICT**

v.

**Kimberly CRISAFI, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 2014.

Decided March 7, 2014.

---

Road, Willow Grove, Pennsylvania (the Property). Crisafi presents two issues for this Court's review: (1) whether the trial court erroneously applied what is commonly referred to as the Municipal Claims and Tax Liens Act (MCTLA),[1] and (2) whether the sale was predicated on defective service of original process and a consequently invalid default judgment. After review, we affirm.

On September 14, 2010, the Upper Moreland Township School District (School District) caused a tax lien to be filed against the Property. The Tax Claim Bureau listed the owner's name and last known mailing address as Kimberly Crisafi, Palm Beach, Florida. On December 20, 2010, the School District filed a Motion for Alternate Service which the trial court granted on December 28, 2010. Pursuant to that order, a notice was posted on the Property on January 28, 2011.

On December 8, 2011, the trial court entered a Default Judgment against Crisafi. On November 16, 2012, the School District filed a Praecipe for Writ of Execution with the trial court, which the trial court issued. On December 28, 2012, the School District's counsel sent a letter by first-class mail to Crisafi containing a Notice of Sheriff Sale. Pursuant to the trial court's order for alternate service, the letter was sent to Crisafi at both of her addresses, i.e., the Property and Palm Beach, Florida. Within the week before the Property's scheduled sale on January 30, 2013, Crisafi's mother notified Crisafi that the Property was scheduled for a sheriff's sale.

Crisafi and the School District entered into a payment plan to stay the sale, and on January 25, 2013, Crisafi made her initial payment pursuant to the payment plan in the amount of $2700.00. On Janu-

Joshua Upin, Philadelphia, for appellant.

Michael P. Dignazio, Media, for appellee CJD Group LLC.

Maureen M. McBride, West Chester, for appellee Upper Moreland Township School District.

BEFORE: McGINLEY, Judge, COVEY, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge COVEY.

Kimberly Crisafi (Crisafi) appeals from the Montgomery County Common Pleas Court's (trial court) May 31, 2013 order denying her Petition to Set Aside the Sheriff's Sale (Petition) of 313 Greyhorse

---

1. Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. §§ 7101–7505.

ary 29, 2013, the School District continued the scheduled sale from January 30, 2013 to March 27, 2013, and sent a copy of the Continued Sale Notice to Crisafi at her Palm Beach, Florida address. By letter dated February 15, 2013, the School District confirmed the terms of the payment plan with Crisafi. The letter was mailed to Crisafi's Palm Beach, Florida address and concluded:

> As added notification, your property is scheduled for Sheriff Sale on March 27, 2013. This sale will be postponed provided there is no default in this payment arrangement. Alternatively, the Sheriff['s] Sale will be cancelled if the balance is paid in full and the funds have cleared your bank at least 14 days prior to the sale date.

Reproduced Record (R.R.) at 152a. Crisafi failed to make the required $1200.00 payment on March 10, 2013, or at any time before the March 27, 2013 sale. The Montgomery County Sheriff exposed the property to sale on March 27, 2013, and it was sold to CJD Group LLC (CJD) for $102,000.00.[2] On April 15, 2013, Crisafi filed her Petition, and the trial court held a hearing on May 28, 2013. On May 31, 2013, the trial court denied Crisafi's Petition. Crisafi appealed to this Court.[3]

Crisafi first contends that while the MCTLA expressly provides for inclusion of attorney fees and other costs associated with collecting delinquent taxes, the statute is "silent as to the manner in which pre-[sheriff] sale payments are to be applied as between the principal tax claim and the additional fees and costs accrued." Appellant Br. at 21. Crisafi maintains that the proper interpretation of the MCTLA requires that payments made pre-sheriff sale be prioritized so that any payment made is applied to the principal and then to the attorney fees and costs. Based on this premise, Crisafi asserts that the two payments she made pre-sheriff sale toward her delinquent taxes, $2741.40 and $2700.00, totaling $5441.40, exceeded the amount of the default judgment by $166.25, and thus should have been considered by the trial court and her Petition granted. Notwithstanding, Crisafi states: "[a]fter exhaustive research, Crisafi has been unable to find any legislative notes, alternative statutory authority, or case on point, which speaks directly to the appropriate accounting of payments made toward an outstanding tax debt *before* the commencement of the Sheriff's Sale under the MCTLA." Appellant Br. at 21.

The School District retorts that the statutory language is clear and authorizes the addition of attorney fees and costs incurred in collecting the delinquent taxes as part of the tax lien. Accordingly, contrary to Crisafi's argument, there exists no basis for separating and prioritizing payments made toward the taxes owed and the amount of the attorney fees and costs associated in the collection of past due taxes.

Section 1 of the MCTLA defines "taxes" as "**including all** penalties, interest, **costs,** charges, expenses and fees, **including reasonable attorney fees,** as allowed by this act and all other applicable laws." 53 P.S. § 7101 (emphasis added). Further, Section 2 of the MCTLA provides that

> [a]ll taxes ... lawfully imposed or assessed on any property in this Commonwealth, and all taxes heretofore lawfully

---

2. CJD was granted leave to intervene before both the trial court and this Court.

3. "This Court's review in tax sale cases is whether the common pleas court abused its discretion, erred as a matter of law or rendered a decision that was unsupported by substantial evidence." *In re Consolidated Return of Real Estate Tax Sale,* 74 A.3d 1089, 1092 n. 6 (Pa.Cmwlth.2013).

imposed or assessed by any municipality on any property in this Commonwealth ... shall be and they are hereby declared to be a first lien on said property, **together with all charges, expenses, and fees added thereto for failure to pay promptly;** and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation....

53 P.S. § 7103 (emphasis added). Finally, Section 3(a) of the MCTLA provides that

> [a]ll ... taxes, tax claims and tax liens which may hereafter be lawfully imposed or assessed on any property in this Commonwealth ... **[include] all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees** under subsection (a.1), added thereto for failure to pay promptly....

53 P.S. § 7106(a) (emphasis added). "Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words." *Pa. Fin. Responsibility Assigned Claims Plan v. English,* 541 Pa. 424, 430, 664 A.2d 84, 87 (1995). "[A] court may not add matters the legislature saw fit not to include under the guise of construction." *Mohamed v. Dep't of Transp., Bureau of Motor Vehicles,* 615 Pa. 6, 21, 40 A.3d 1186, 1194–95 (2012). There is nothing in the MCTLA which supports Crisafi's position that her pre-sheriff sale payments should be prioritized and viewed independent of the accrued legal fees and costs incurred in the collection of the delinquent taxes. Accordingly, the trial court properly applied the MCTLA.

We recognize that Pennsylvania Rule of Civil Procedure 3132 provides:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, **upon proper cause shown,** set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. No. 3132 (emphasis added). In the instant case, after notice of the first sheriff's sale, Crisafi entered into a payment plan with the School District. This agreed upon payment amount included the delinquent taxes, attorney fees and costs. The first sheriff's sale was postponed upon Crisafi's initial payment with the understanding that if Crisafi failed to make the next payment, the sheriff's sale would take place on March 27, 2013. Crisafi did not tender the agreed upon payment, and the Property was sold at the sheriff's sale. As Crisafi has not shown good cause, the trial court properly denied her Petition.

Crisafi next argues that the sale was predicated on defective service of original process and a consequently invalid default judgment. Crisafi's argument in its entirety is as follows:

> For the purposes of preserving the issue for further appeal, and in the interest of not burdening this honorable Court with repetitive and redundant argument Crisafi incorporates by reference here the entirety of her Motion to Strike/Petition to Open Default Judgment [ (Motion/Petition) ], including all supporting papers, as if the same were set forth at length herein. The Motion/Petition has previously been filed and is currently pending on the instant appellate docket.

Appellant Br. at 25.

The School District responds that the arguments Crisafi attempts to incorporate by reference in her brief are being raised for the first time on appeal. In addition, the School District asserts that the Motion/Petition which Crisafi relies on was filed two months after the trial court ruled

on Crisafi's Petition, and after she filed her appeal from said ruling, and therefore is not part of the record in this case. Further, the School District avers that Crisafi subsequently filed the Motion/Petition with this Court in response to which the School District filed a Motion to Strike the Motion/Petition which this Court granted. Thus, according to the School District, the Motion/Petition does not exist. Moreover, the School District contends that incorporation by reference is not proper development of an issue. We agree with the School District.

■ Crisafi's Motion/Petition is not part of the record before this Court as it was filed with the trial court two months after the trial court lost jurisdiction. *See Miller Elec. Co. v. DeWeese,* 589 Pa. 167, 172, 907 A.2d 1051, 1054 (2006) ("A trial court's jurisdiction generally extends for thirty days after the entry of a final order"). Further, Crisafi did not present any evidence or argument on the issue raised in the Motion/Petition at the trial court hearing. The law is well-established that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." *In re Pittsburgh Citizen Police Review Bd.,* 36 A.3d 631, 637 (Pa.Cmwlth.2011) (quoting Pa.R.A.P. 302(a)). Thus, Crisafi has waived any issue contained in her Motion/Petition. In addition, after Crisafi filed the Motion/Petition with this Court and in response to the School District's Motion to Strike, this Court ordered Crisafi's Motion/Petition stricken. Commonwealth Ct. November 25, 2013 order. Because Crisafi's Motion/Petition has been previously stricken by this Court's order, it is not before us and therefore will not be considered. *See Yespelkis v. Workers Comp. Appeal Bd. (Pulmonology Associates Inc.),* 986 A.2d 194, 198 n. 5 (Pa.Cmwlth.2009) ("This

Court may not consider evidence that is not part of the certified record on appeal").

■ Moreover, incorporation by reference is not proper development of an issue raised in a brief.

[The Pennsylvania Supreme Court] ha[s] previously held that such 'incorporation by reference' is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief to our Court. Our rules of appellate procedure specifically require a party to set forth in his or her brief, in relation to the points of his argument or arguments, 'discussion and citation of authorities as are deemed pertinent,' as well as citations to statutes and opinions of appellate courts and 'the principle for which they are cited.' Pa.R.A.P. 2119(a), (b). Therefore our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief.

*Commonwealth v. Briggs,* 608 Pa. 430, 515, 12 A.3d 291, 342–43 (2011) (citations omitted). Consequently, Crisafi waived the defective service issue and failed to properly present this issue in accordance with the Rules of Appellate Procedure.

■ Notwithstanding, Section 18 of the MCTLA provides in relevant part:

The sheriff to whom the scire facias is given for service shall add to the writ, as parties defendant, all persons, other than those named therein, who may be found in possession of the property described, or any part thereof, and in case no one is found in possession by the sheriff, he shall post a true copy of the writ on the most public part of said property; ... which writ shall then be further served as follows:

. . . .

(c)·**In case any of those named in the writ** ... cannot be found by the sheriff, or their residences within this Commonwealth are unknown to him, or in case they **reside without the Commonwealth, the said writ may be served by advertising a copy thereof,** or a brief notice of the contents of the same, once a week for three successive weeks, in one newspaper of general circulation in the county ... Provided, however, That any defendant may accept service of said writ, in person or by counsel, with the same effect as if duly served therewith by the sheriff.

53 P.S. § 7186 (emphasis added). Here, the notice was posted on the Property, was advertised and was served by first class mail to Crisafi's two addresses, i.e., the Property and her Florida address. Accordingly, the original service was proper and the default judgment was valid.

For all of the above reasons, the trial court's order is affirmed.

*ORDER*

AND NOW, this 7th day of March, 2014, the Montgomery County Common Pleas Court's May 31, 2013 order is affirmed.