# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Diane M. Riccio,                          :
                    Appellant            :
                                         :
          v.                             :    No. 1788 C.D. 2017
                                         :    Submitted: April 18, 2019
Newtown Township Zoning                  :
Hearing Board and                        :
Lawrence and Alicia Robinson             :
and GS Bethel, LP                        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON                    FILED:  September 10, 2019


          Diane M. Riccio (Riccio) appeals from an order of the Court of
Common Pleas of Delaware County (Common Pleas), dated November 1, 2017.
Common Pleas affirmed the decision of the Newtown Township Zoning Hearing
Board (ZHB), which granted Lawrence and Alicia Robinson's (the Robinsons)
application for a dimensional variance (Application).  For the reasons discussed
below, we reverse and remand.

          The Robinsons are the owners of certain real property (Property)
located on the northerly side of Fourth Avenue between Berman Street and Gilbert
Street in Newtown Township (Township), Delaware County, Pennsylvania.  The
Property is located in an R-3 Residence District (R-3 District).  Pursuant to

Section 172-34(B)(1) of the Township's Zoning Ordinance (Ordinance), the Property is required to have a minimum lot area of 12,000 square feet to construct a building or dwelling thereon. On August 15, 2016, the Robinsons filed their Application with the ZHB, seeking a dimensional variance from Section 172-34(B)(1) of the Ordinance to permit the construction of a single-family dwelling on the Property, which has a minimum lot area of only 8,865 square feet.

The ZHB conducted a public hearing on the Application on September 15, 2016. Only two of the ZHB's four members, Matthew A. DeNucci, Esquire, the ZHB's chairman (Chairman DeNucci), and Robert Lodge, Esquire (ZHB Member Lodge), were present at the meeting.[1] At the start of the hearing, both Riccio and the Robinsons requested that the matter be continued to the following month due to a lack of a quorum. (Reproduced Record (R.R.) at 2a, 8a-11a.) The ZHB's solicitor explained, however, that the ZHB's past procedure when lacking a quorum of its members at the time of a hearing was to appoint a hearing officer to take the evidence and testimony, present the submitted evidence and testimony to the absent ZHB members, and then have all of the ZHB members render a decision on the subject application within 45 days. (*Id.* at 8a.) Despite the Robinsons' attorney's stated concern that a quorum of the ZHB's members was required to appoint a hearing officer, the following occurred: (1) Chairman DeNucci denied the continuance request; (2) ZHB Member Lodge appointed Chairman DeNucci as the hearing officer; and (3) Chairman DeNucci proceeded with the public hearing on the Application. (*Id.* at 9a-11a.)

---

[1] While the ZHB consisted of only four members at the time of the September 15, 2016 hearing, the Ordinance specifically requires the ZHB to consist of five members, as well as alternate members. Section 172-7 of the Ordinance.

2

At a subsequent meeting held on October 20, 2016, a quorum of the ZHB members—*i.e.*, three of the four members—voted unanimously to grant the Application based upon their review of the record created by the hearing officer at the September 15, 2016 hearing. The following day, on October 21, 2016, the ZHB issued its written decision, granting the Application. Sometime thereafter, the ZHB issued findings of fact and conclusions of law in support of its decision, wherein the ZHB concluded, *inter alia*, that the Robinsons had met their burden of establishing that they satisfied the necessary requirements for a dimensional variance from the minimum lot area requirement at the Property.[2] Riccio appealed the ZHB's decision to Common Pleas, and the Robinsons and GS Bethel, LP (GS Bethel),[3] the equitable owner of the Property (collectively, Intervenors), intervened. By order dated November 1, 2017, Common Pleas affirmed the ZHB's decision. Riccio then appealed to this Court.

On appeal,[4] Riccio presents the following issues for our consideration: (1) whether the ZHB acted in an arbitrary and capricious manner and/or abused its discretion by denying the continuance request, appointing a hearing

---

[2] Although not dated, it appears that the ZHB issued its findings of fact and conclusions of law after Riccio filed her appeal with Common Pleas.

[3] At the time of the September 15, 2016 hearing before the ZHB, the Robinsons' attorney suggested that GS Bethel may be a co-applicant with the Robinsons on the Application. We note, however, that the ZHB references only the Robinsons as the applicants for the dimensional variance in its decision.

[4] "Where a trial court takes no additional evidence in an appeal from a decision of the [ZHB], this Court is limited to considering whether the [ZHB] erred as a matter of law or abused its discretion." *German v. Zoning Bd. of Adjustment*, 41 A.3d 947, 949 n.1 (Pa. Cmwlth. 2012). "A [ZHB] abuses its discretion if its findings are not supported by substantial evidence." *Arter v. Phila. Zoning Bd. of Adjustment*, 916 A.2d 1222, 1226 n.9 (Pa. Cmwlth.) (en banc), *appeal denied*, 934 A.2d 75 (Pa. 2007).

officer, and thereafter proceeding with the public hearing on the Application without the vote or presence of a quorum of its members; and (2) whether the ZHB abused its discretion and/or committed an error of law by granting the Application for a dimensional variance at the Property.[5]

First, we address Riccio's argument that the ZHB acted in an arbitrary and capricious manner and/or abused its discretion by denying the continuance request, appointing a hearing officer, and thereafter proceeding with the public hearing on the Application—all without the vote or presence of a quorum of its members. More specifically, Riccio argues that, because there was not a quorum of the ZHB present at the time of the September 15, 2016 hearing on the Application, the ZHB could not take any formal action at the time of the hearing, including the appointment of a hearing officer. Riccio further argues that the ZHB violated the Sunshine Act[6] and the Pennsylvania Municipalities Planning Code (MPC)[7] when it appointed a hearing officer in the absence of a quorum, thereby making the ZHB's ultimate decision to grant the Robinsons' Application void and unenforceable.

In response, Intervenors argue that the ZHB did not abuse its discretion or commit an error of law because the ZHB followed its past practice for the appointment of a hearing officer in the absence of a quorum, which they contend was permitted by the MPC and satisfied the requirements of the Sunshine Act. Intervenors argue further that, regardless of the manner in which the hearing officer was appointed, any technical deficiency in the ZHB's procedure was effectively

---

[5] While Riccio identified six issues in the "Statements of the Questions Involved" section of her brief to this Court, she condensed and/or limited her issues to two in the "Argument" section.

[6] 65 Pa. C.S. §§ 701-716.

[7] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

4

cured by providing all of the ZHB members the opportunity to review the evidence and testimony taken by the hearing officer and participate in the decision on the Application, and, therefore, there was no prejudice to the parties.[8]

Section 906(a) of the MPC, 53 P.S. § 10906(a), provides, in relevant part: "For the conduct of any hearing and the taking of any action, a quorum shall be not less than a majority of all the members of the [ZHB], but the [ZHB] may appoint a hearing officer from its own membership to conduct any hearing on its behalf." Although Section 906(a) of the MPC authorizes the ZHB to appoint a hearing officer, it also requires a quorum of the ZHB's members to conduct a hearing *or take any action*. The appointment of a hearing officer to take evidence on behalf of the ZHB is an action of the ZHB subject to the quorum requirement in the MPC. In other words, a single member of the ZHB lacks the authority.

Here, it is undisputed that the ZHB lacked a quorum of its members at the September 15, 2016 hearing on the Application. In the absence of a quorum, the ZHB could not take any action relative to the Application at the September 15, 2016 meeting. More poignantly stated, as a quorum of the ZHB was not present at that meeting, no one had the authority to appoint a hearing officer to act on behalf of the ZHB at that meeting. While the ZHB is permitted to establish its own rules of

---

[8] The ZHB, as appellee, filed a brief in this matter. That brief, however, fails to conform to the Pennsylvania Rules of Appellate Procedure in that it fails to include any argument addressing or refuting the points Riccio raises in her brief on appeal. *See* Pa. R.A.P. 2112, 2119. Instead, the ZHB simply "incorporates herein by reference as if fully set forth herein its arguments submitted in its Reply Brief in the Court of Common Pleas." (ZHB Br. at 3.) As this Court and the Pennsylvania Supreme Court have recognized, incorporation of arguments set forth in briefs filed in other tribunals by reference is neither allowed by the rules of appellate procedure nor is it an acceptable form of appellate advocacy. *Upper Moreland Twp. Sch. Dist. v. Crisafi*, 86 A.3d 950, 954 (Pa. Cmwlth. 2014) (citing *Cmwlth. v. Briggs*, 12 A.3d 291 (Pa. 2011)). Accordingly, the only arguments in opposition to Riccio's appeal that we will consider are those properly set forth by Intervenors in their brief on appeal.

5

procedure, such rules must be consistent with the Ordinance and applicable law. *See* Section 906(c) of the MPC, 53 P.S. § 10906(c). To the extent we credit the argument that the ZHB has a procedure by which any number of its members short of a quorum, in this case a single member, may appoint someone to act as the ZHB's hearing officer, such a procedure is inconsistent with Section 906(a) of the MPC.

Without the presence of a quorum of the ZHB or a duly appointed hearing officer by the ZHB, no hearing on the Application could be held on September 15, 2016. ZHB Member Lodge lacked the authority, as a single member of the ZHB, to appoint Chairman DeNucci to act on the ZHB's behalf as its hearing officer. Consequently, Chairman DeNucci, lacking a lawful appointment by the ZHB (acting with a quorum of its members), lacked the authority to conduct the hearing. All actions resulting therefrom are, therefore, legally infirm.[9]

Based on the foregoing, we reverse Common Pleas' order and remand the matter to Common Pleas with instructions to vacate the ZHB's decision and remand the matter to the ZHB to conduct further proceedings consistent with this opinion.[10]

P. KEVIN BROBSON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[9] As stated above, Riccio also argues that the ZHB violated the Sunshine Act when it appointed a hearing officer in the absence of a quorum. Riccio, however, does not develop her argument regarding how the ZHB may have violated the Sunshine Act in this regard. Nevertheless, we note that a discussion of the Sunshine Act is not necessary given our analysis and disposition of the issue under the MPC.

[10] Given our ultimate disposition in this case, we need not address Riccio's remaining argument on appeal.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Diane M. Riccio,              :
                 Appellant       :
                             :
           v.                :   No. 1788 C.D. 2017
                             :
Newtown Township Zoning      :
Hearing Board and                 :
Lawrence and Alicia Robinson   :
and GS Bethel, LP              :

# O R D E R

AND NOW, this 10th day of September, 2019, the order of the Court of Common Pleas of Delaware County (Common Pleas) is hereby REVERSED, and the matter is REMANDED to Common Pleas with instructions to vacate the decision of the Newtown Township Zoning Hearing Board (ZHB) and to remand the matter to the ZHB to conduct further proceedings consistent with the attached opinion.

Jurisdiction relinquished.

 

 

_____
P. KEVIN BROBSON, Judge