Commonwealth of Pennsylvania, Department of the Auditor General, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 19, 1984, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Charles D. Shields, Jr.,* Deputy Counsel, for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, November 30, 1984:

The Department of the Auditor General (employer) has petitioned for review of an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision and awarded benefits to Joseph V. Sorco (claimant). It is employer's contention that claimant is ineligible for compensation because he was discharged for willful misconduct pursuant to Section 402(e)[1] of the Unemployment Compensation Law (Law). This misconduct consisted of allegedly paying money to obtain his job and failing to reveal this payment on his employment application.

The Office of Employment Security (OES) denied claimant benefits pursuant to Sections 3[2] and 402(e)[3] of the Law. A timely appeal was filed by claimant and, on October 20, 1982, a referee modified the OES determination and concluded that claimant was ineligible for benefits under Section 402(e).[4] Claimant timely appealed this decision to the Board which, on August 26, 1983, reversed the referee. The Board found that claimant "did not pay money to obtain his job"[5] or "withhold or conceal any material information from employer in completing his application for employment"[6] because "[t]he employer . . . failed to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] 43 P.S. §752.

[3] 43 P.S. §802(e).

[4] *Id.*

[5] Finding of fact number 3.

[6] Finding of fact number 4.

produce any competent, credible evidence or testimony to sustain . . . [these] allegations.''

On September 8, 1983, the employer filed a ''Request to Offer Additional Evidence at Another Hearing.'' In the ''Request'' the employer stated that:

[S]ubsequent . . .[to the referee's hearing] on December 7, 1982, an AFSCME Union Arbitration Hearing was conducted on behalf of . . . [c]laimant . . . to contest . . . [his termination] of employment . . . .

. . . [After] review[ing] the contents of the transcript of the Arbitration Hearing . . . [the Department] discovered that . . . [Mr.] Nick J. Saittis testified, under oath, that he received money from . . . [c]laimant . . . for consideration of . . . [his] application for employment with the Department . . . .

. . . .

Given the crucial nature of this additional evidence, the Department . . . hereby requests the Board to schedule another hearing to afford this Department the opportunity to either have Mr. Saittis testify, if possible, or attempt to introduce into evidence a certified original transcript of the Arbitration Hearing and the subsequent Decision of the Arbitrator, and any other related evidence deemed admissible and relevant by the [r]eferee.

The Board by letter, dated September 20, 1983, denied this ''Request.''

The employer argues that the Board erred in not providing the requested hearing. We disagree.

The Board's rules at 34 Pa. Code §1011.111 provide:

(a) [W]ithin ten days after the issuance of the decision of the Board, as may be determined

by the provisions of §101.102 of this Title (relating to form and filing of application for further appeal from decision of referee), any aggrieved party may request the Board to reconsider its decision and if allowed, to grant further the opportunity to do the following:

(1) Offer additional evidence at another hearing.

(2) Submit written or oral argument.

(3) Request the Board to reconsider the previously established record of evidence.

(b) Such requests will be granted for good cause in the interest of justice without prejudice to any party. The parties shall be notified of the ruling of the Board on each such request. The request for reconsideration and the ruling of the Board shall be made a part of the record and subject to review in connection with any further appeal to the Commonwealth Court.

This Court has previously stated that: "The denial of an application for rehearing will be reversed only for clear abuse of discretion. . . . An application for rehearing [, however,] may be refused where it is not apparent that the evidence which the applicant proposes to adduce was not available at the original hearing." *Asplundh Tree Expert Co. v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 7, 9-10, 470 A.2d 1097, 1098 (1984) (citations omitted).

In the instant case, it appears that the additional evidence was available at the time of the referee's hearing. There is no allegation that Mr. Saittis was unable to appear at the referee's hearing or that the employer was unaware of his testimony until the time of the Arbitration Hearing in December, some four months later.

The record contains no explanation as to why there was such a lengthy delay between Mr. Saittis' testimony of December 7, 1982, and the rehearing request nine months later.

Accordingly, we hold that the Board did not commit an abuse of discretion.

The order of the Board is affirmed.

### ORDER

AND Now, November 30, 1984, the order of the Unemployment Compensation Board of Review dated August 16, 1983, Appeal No. B-UCSE-82-6-E-302, Decision No. B-221655, is affirmed.