540 A.2d 640

William F. Betz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 26, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harvey R. Robinson,* for petitioner.

*Peter C. Layman,* Deputy Chief Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 28, 1988:

An unemployment compensation referee denied William F. Betz benefits because he voluntarily left his work without cause of a necessitous and compelling nature.[1] The Board summarily affirmed. Betz appeals; we affirm.

Betz, a laborer, worked for Ashland Oil Incorporated in Freedom, Pennsylvania, for sixteen years. In December 1986 that plant was closed and Betz accepted a transfer to Ashland, Kentucky. He was subsequently given a medical leave of absence due to depression caused by the relocation. After being certified by his doctor as able to return to work, Betz took three weeks vacation pay after which he informed his employer that he was resigning for personal reasons. The referee/Board concluded that Betz was aware of his employment conditions at the time of the transfer and, although he asserted his family was later unwilling to re-

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

locate, he failed to provide any substantiation establishing compelling or necessitous cause.

Initially, this Court must take notice that in the brief filed on behalf of Betz, counsel inexcusably neglected to comply with Chapter 21 of the Rules of Appellate Procedure, which establishes mandatory requirements for filing of appellate briefs and reproduced records. Although we decline in this case to impose the penalties listed for noncompliance in Pa. R.A.P. 2101, the bar shall take notice that formal compliance will henceforth be strictly enforced and suppression, quashal or dismissal will result.

Reviewing the merits, Betz contends that he established economic necessity for his resignation. *Judd v. Unemployment Compensation Board of Review,* 91 Pa. Commonwealth Ct. 372, 496 A.2d 1377 (1985). In the alternative, he requests that the matter be remanded for further hearing to enable him to retain counsel and plead his case.

The record established at the referee's hearing discloses that Betz appeared without counsel and testified that he quit because his family did not want to relocate and because of depression caused by traveling and the hardship on his family. N.T., 10/24/86, pp. 3-5. This evidence clearly does not establish economic necessity. *Judd.* Unfortunately, the decision to resign appeared to be one of pure personal preference, which does not constitute compelling and necessitous cause.

Apparently recognizing the deficiency of the record, Betz detailed his economic crisis[2] in his appeal to the Board and requested a remand hearing. The Board denied the request.

_____

[2] Betz listed in detail the problems in selling his home in Pennsylvania, traveling expenses, cost of rent in Virginia, phone and utility bills, etc.

This Court will reverse the Board's denial of a rehearing request only where the Board abuses its discretion. *Department of Auditor General v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 274, 484 A.2d 829 (1984). Where a claimant or employer seeks to introduce at rehearing evidence that was available at the initial hearing, an application is validly denied. *Id.*

Here, the evidence Betz sought to introduce at the rehearing consisted of household budget and real estate marketing information that was available at the original referee's hearing. We hold that the Board did not abuse its discretion in denying the application.

The order of the Board is affirmed.

### ORDER

The order of the Board, No. B-255404 dated January 26, 1987, is affirmed.