580 A.2d 929

**Roy Mark SUDDUTH, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania and City of Pittsburgh, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 28, 1990.

Decided Oct. 3, 1990.

Roy Mark Sudduth, Pittsburgh, for himself, appellant.

J. Russell McGregor, Jr., Asst. City Sol., with him, Mary K. Conturo, City Sol., Pittsburgh, for appellees.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

COLINS, Judge.

This is an appeal by Roy Mark Sudduth (Sudduth) from an order of the Court of Common Pleas of Allegheny County (trial court) which granted the City of Pittsburgh's (City) motion to quash. Sudduth had failed to consolidate his six convictions for parking violations when he appealed to the trial court, and except for the officer who immobilized his vehicle with a "boot", he had failed to notify the officers who issued the citations.

Sudduth appealed to the Pennsylvania Superior Court, which sua sponte transferred the matter to this Court pursuant to 42 Pa.C.S. § 762(a)(4). We in turn must quash this appeal without reaching the merits, because of numerous substantial defects in Sudduth's brief.

> We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. (Citations omitted.)

*Wicker v. Civil Service Commission,* 74 Pa.Commonwealth Ct. 548, 550, 460 A.2d 407, 408 (1983) (quoting *Commonwealth v. Sanford,* 299 Pa.Superior Ct. 64, 67, 445 A.2d 149, 150 (1982)).

As noted by the courts in both *Wicker* and *Sanford,* defects in briefs impair our ability to provide a meaningful appellate review. Pa.R.A.P. 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Furthermore, Pa.R.A.P. 2111(a)[1] sets out the minimum requirements for a brief that is presented to this Court. A

1. RULE 2111. BRIEF OF THE APPELLANT

perusal of Sudduth's brief indicates substantial omissions and defects. Initially, we note that Sudduth's brief does not contain a summary of argument, a section required by Pa.R.A.P. 2111(a)(5) and explained in Pa.R.A.P. 2118.[2] That deviation alone could be overlooked. However, the requirements with regard to the statement of questions involved pursuant to Pa.R.A.P. 2116 are mandatory. Pa.R.A.P. 2116(a) states:

(a) General Rule. The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and *must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception;* ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby. Whenever possible each question must be followed immediately by an answer stating simply whether it was affirmed, negatived, qualified or not answered by the court or government unit below. If a qualified answer was given to the question,

(a) General Rule. The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
(1) Statement of jurisdiction.
(2) Order or other determination in question.
(3) Statement of the questions involved.
(4) Statement of the case.
(5) Summary of argument.
(6) Argument for appellant.
(7) A short conclusion stating the precise relief sought.
(8) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

2. RULE 2118. SUMMARY OF ARGUMENT
The summary of argument shall be a concise summary of the argument of the party in the case, suitably paragraphed. The summary of argument should not exceed one page and should never exceed two pages. The summary of argument should not be a mere repetition of the statement of questions presented. The summary should be a succinct, *although accurate and clear picture of the argument actually made in the brief concerning the questions.*

appellant shall indicate, most briefly, the nature of the qualification, or if the question was not answered and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below. (Emphasis added.)

Sudduth's brief contains a statement of questions involved on the same page as the caption, the statement of jurisdiction, and a part of the statement of the case. The questions are not followed by answers indicating the trial court's holding. Since this rule "is to be considered in the highest degree mandatory," we are constrained from making exceptions and will not do so here.

With regard to Sudduth's argument section in conjunction with his statement of questions involved, he provides no discussion of the questions he poses, but discusses another issue altogether. Pa.R.A.P. 2119(a) states:

(a) General Rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Since we conclude that Sudduth incorrectly posited questions and failed to discuss these issues, we are unable to provide meaningful appellate review. Accordingly, this appeal is quashed.

Judge PELLEGRINI did not participate in the decision in this case.

## ORDER

AND NOW, this 3rd day of October, 1990, the above-captioned appeal is hereby quashed.