Amrit LAL, Appellant,

v.

## COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.

Commonwealth Court of Pennsylvania.

Argued March 8, 2000.

Decided May 19, 2000.

Reconsideration Denied Aug. 1, 2000.

James Dunworth, Kimberton, for appellant.

Jane H. Fisher, Senior Deputy Atty. Gen., Norristown, for appellee.

Before FRIEDMAN, J., KELLEY, J., and McCLOSKEY, Senior Judge.

KELLEY, Judge.

Amrit Lal (Lal) appeals from an order of the Court of Common Pleas of Chester County (trial court) denying Lal's motion for post trial relief. We quash the instant appeal, *sua sponte,* for substantial noncompliance with the Pennsylvania Rules of Appellate Procedure.

In December of 1995 Lal commenced an action in the trial court for a continuing tort of negligence against the Pennsylvania Department of Transportation (DOT). Lal's complaint alleged that DOT failed to maintain drains that control run off and storm water at a highway interchange near Lal's property, which failure resulted in flooding and damages to a rental property owned by Lal. DOT answered, denying all material allegations therein. A bench trial before Judge Katherine B.L. Platt commenced on March 9, 1999. At trial, Lal and his expert, civil engineer Angelo Capuzzi (Capuzzi), testified regarding DOT's liability, and damages. Upon completion of Lal's case–in–chief, DOT presented an oral motion for nonsuit, arguing that Lal failed to prove that his cause of action fell within any of the exceptions to DOT's sovereign immunity. The trial court granted the nonsuit.

Lal filed a timely motion for post trial relief, and DOT filed a response thereto. The trial court denied the motion, again on the grounds that Lal failed to establish an exception to sovereign immunity. The instant appeal to this Court followed.

We emphasize at the outset of our discussion the clear and concise mandate of Pa.R.A.P. 2101:

Conformance With Requirements

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

This Court has repeatedly held that substantial omissions, defects, and/or failures to conform to the minimal requirements for writing an appellate brief set forth in Chapter 21 of the Pennsylvania Rules of Appellate Procedure will result in the quashing or dismissal of the appeal. *Means v. Housing Authority of the City of Pittsburgh,* 747 A.2d 1286 (Pa.Cmwlth. 2000); *Grosskopf v. Workers' Compensation Appeal Board,* 657 A.2d 124 (Pa. Cmwlth.1995); *Sudduth v. City of Pittsburgh,* 135 Pa.Cmwlth. 392, 580 A.2d 929 (1990); *Radman v. Commonwealth,* 135 Pa.Cmwlth. 401, 580 A.2d 480 (1990); *Betz v. Unemployment Compensation Board of Review,* 115 Pa.Cmwlth. 481, 540 A.2d 640 (1988). In the case *sub judice,* Lal's brief fails to conform with at least twelve different mandates contained in Chapter 21.

Rule 2111(a)[1] articulates the simple order and organizational progression to be

---

1. Rule 2111. Brief of the Appellant

(a) General rule. The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Statement of both the scope of review and the standard of review.

(3) Order or other determination in question.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

accorded the various sections of an appellate brief. Lal's brief fails to follow this mandate.

Lal's Scope of Review and Standard of Review are incorporated into the Argument section of his brief, in violation of Pa.R.A.P. 2111 and 2119.[2]

Contrary to the Table of Contents' representation, Lal has failed to include in his brief a copy of the opinion delivered by the trial court in support of the order appealed, in violation of Pa.R.A.P. 2111(b).

The Statement of Questions Involved in Lal's brief is incorporated onto a page containing other sections of the brief in violation of Pa.R.A.P. 2116(a).[3] This section expressly states that "[t]his rule is to be considered in the highest degree mandatory, admitting of no exception ..." Pa.R.A.P. 2116(a).

The Statement of the Case does not contain a brief procedural history, as mandated by Pa.R.A.P. 2117(a)(1)[4], but instead intersperses convoluted and incomplete

> (7) Argument for appellant.
> (8) A short conclusion stating the precise relief sought.
> (9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
> (b) Opinions below. There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved. If an opinion has been reported, that fact and the appropriate citation shall also be set forth ...
>
> 2. Rule 2119. Argument
> (a) General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
>
> 3. Rule 2116. Statement of Questions Involved
> (a) General rule. The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby. Whenever possible each question must be followed immediately by an answer stating simply whether it was affirmed, negatived, qualified or not answered by the court or government unit below. If a qualified answer was given to the question, appellant shall indicate, most briefly, the nature of the qualification, or if the question was not answered and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.
>
> 4. Rule 2117. Statement of the Case
> (a) General rule. The statement of the case shall contain, in the following order:
> (1) A statement of the form of action, followed by a brief procedural history of the case.
> (2) A brief statement of any prior determination of any court or other government unit in the same case or estate, and a reference to the place where it is reported, if any.
> (3) The names of the judges or other officials whose determinations are to be reviewed.
> (4) A closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found. See Rule 2132 (references in briefs to the record).
> (5) A brief statement of the order or other determination under review.
> (b) All argument to be excluded. The statement of the case shall not contain any argument. It is the responsibility of appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties.
> (c) Statement of place of raising or preservation of issues. Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify:
> (1) The state of the proceedings in the court of first instance, and in any appellate court below, at which, and the manner in which, the questions sought to be reviewed were raised.
> (2) The method of raising them (e.g. by a pleading, by a request to charge and exceptions, etc.).

procedural details throughout the entire section. Additionally, this section contains multiple elements and statements of argument in violation of Pa.R.A.P. 2117(b). Further, this section contains no statements identifying the place of raising or preservation of the issues, in violation of Pa.R.A.P. 2117(c).

Lal's Argument section is not divided into parts, and generally organized, in a manner parallel to the questions to be argued, in violation of Pa.R.A.P. 2119(a). Further, and most notably, the Argument section is riddled with misspellings, basic grammatical errors, and general disorganization to the extent that the reader is impaired in attempting to discern precisely what Lal is arguing, and how the cited authorities relate thereto.

Lal has also failed to file a separate reproduced record with this Court, despite the fact that the combination of his brief and reproduced record exceeds 100 pages. This failure is a violation of Pa.R.A.P. 2171(b).[5]

Finally, Lal's reply brief is not limited to matters raised by DOT's brief which have not been previously addressed in Lal's brief, in violation of Pa.R.A.P. 2113(a).[6]

█ While some of the errors in Lal's brief could, if viewed in isolation, be considered *de minimis* violations of the Rules, the sheer volume of violations and errors contained in this brief constitute substantial defects warranting quashing of this appeal pursuant to Pa.R.A.P. 2101.

The most disturbing feature of this brief, however, is Lal's blatant mischaracterization of the trial court's actions in at least two instances. Lal states that he "filed a timely request for a jury trial", and that the trial judge "decided to proceed with trial without a jury." Appellant's brief at 3. Lal asserts his "timely request" in a section of his brief, the Statement of the Case, that is reserved for "a balanced presentation of the history of the proceedings and the respective contentions of the parties". Pa.R.A.P. 2117(b). The record clearly reflects, however, that no such timely request was made by Lal, and that therefore this case's status as a bench trial was the result not of any choice by the trial judge, as is implied by Lal, but rather was decided by Lal's own untimely inaction. Lal neglects to include any reference to the trial court's express ruling that his request was not timely. Trial court's order and memorandum opinion of June 4, 1996 (Trial Court Opinion) at 1. Lal has neither preserved nor raised the issue of his failure to timely file a jury trial demand. Lal develops no argument to support this assertion within his brief. In its best light, this mischaracterization could be viewed as a covert addressing of an issue not properly raised for our review. In its worst light, Lal's mischaracterization is an egregious and deliberate false statement made to this Court.

Further, in his reply brief, Lal asserts that the trial court established that the action complained of by Lal was a continuing trespass. Appellant's reply brief at 3.

(3) The way in which they were passed upon by the court.
(4) Such pertinent quotations of specific portions of the record, or summary thereof, with specific reference to the places in the record where the matter appears (e.g. ruling or exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal.

**5.** Rule 2171. Method of Reproduction. Separate Brief and Record
\* \* \*

(b) Separate brief and record. In all cases the record may be reproduced separately, and must be if it and the brief together contain more than 100 pages.

**6.** Rule 2113. Reply Brief

(a) General rule. In accordance with Rule 2185(a), the appellant may file a brief in reply to matters raised by appellee's brief not previously raised in appellant's brief, and if the appellee has cross-appealed, the appellee may file a similarly limited brief in reply to the response of the appellant to the issues presented by the cross-appeal.

Lal astonishingly cites, as support for this assertion, to the portion of the trial court's opinion addressing the applicable statute of limitations for Lal's allegations, where the trial court merely states that Lal's *allegation* is for a continuing trespass. Trial Court Opinion at 2. Our careful review of the record of proceedings before the trial court reveals that no such finding of a continuing trespass was in any way expressly or impliedly made. In light of the clear language of the trial court in its order, Lal's intentions and motives in asserting this mischaracterization as a matter of record must be seriously questioned. We remind Lal's counsel, Mr. James Dunworth, that Rule 3.3(a)(1) of the Rules of Professional Conduct provides that, "a lawyer shall not make a false statement of material fact or law to a tribunal[.]"

As we have in the past, we will take this opportunity to emphasize to Attorney Dunworth, and to Lal,[7] that the Rules of Appellate Procedure relating to the form and content of briefs and reproduced records are mandatory. *Thomas v. AP-SCUF*, 101 Pa.Cmwlth. 174, 485 A.2d 903 (1984); *Betz*. The sheer volume of mistakes contained in Lal's brief constitute substantial defects under Pa.R.A.P. 2101. These defects, and Lal's concomitant disregard for the Rules of Appellate Procedure, preclude any meaningful review of the merits of this appeal.

Accordingly, we quash the instant appeal.

### ORDER

AND NOW, this 19th day of May, 2000, the appeal of Amrit Lal from the order of the Court of Common Pleas of Chester County, dated July 14, 1999, at No. 95–11714, is quashed.

---

7. We note that Mr. Lal's failure to conform to the Pennsylvania Rules of Appellate Procedure is particularly beguiling due to the fact that he has been a party to no fewer than 62 published appellate opinions and/or orders in this Commonwealth.