# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
:
v. : No. 328 C.D. 2015
: SUBMITTED: June 5, 2015
William H. Birk, :
Appellant :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE LEADBETTER                    FILED:  November 10, 2015


Appellant, William H. Birk, proceeding *pro se*, appeals from the decision of the Court of Common Pleas of Northampton County which denied his summary appeal of his conviction for violating Chapter 367, Section 9 of the Code of the Borough of Hellertown.  We reverse.

On March 28, 2014, Corporal Jeffrey Johnston, a police officer with the Borough, observed Appellant removing items from a dumpster located behind a Citgo gas station located at 685 Main Street, Hellertown, PA, 18055.  Corporal Johnson issued a non-traffic citation/summons to Appellant, citing a violation of Chapter 367, Section 9 of the Hellertown Code.  The citation stated that Appellant "did collect waste, without being authorized by the Borough of Hellertown."

The magistrate judge found Appellant guilty and sentenced him to a $100 fine and costs. Appellant appealed to common pleas. Common pleas conducted a *de novo* hearing at which Corporal Johnson testified and the district attorney submitted into evidence photos taken of Appellant and his truck on March 28. Appellant, representing himself, also testified. Appellant testified that he does not take items from recycling bins, but does take any recyclables that have been improperly disposed of in dumpsters. Notes of Testimony (N.T.) at 16. He sometimes collects newspapers to put in Abitibi containers at his Church and, if he finds clothes he gives them to Goodwill. *Id*. Appellant stated that he does not conduct a "regular hauling business." N.T. at 11, 16. Appellant testified that he occasionally keeps things for himself, trades items, or gives items to his son to take to auction. N.T. at 17. On cross-examination, Appellant testified that he has been retired for over 30 years and receives a pension, but not social security. N.T. at 17-18. He denied that he collects items from the trash to supplement his pension. *Id*. at 18. He stated that the majority of the items he obtains from dumpster-diving goes to local charitable and veterans organizations. *Id*. at 18-19.

Common pleas found Appellant guilty of violating Chapter 267, Section 9 of the Hellertown Code. Appellant filed a notice of appeal with the Superior Court.[1] Common pleas filed an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). Common pleas opined that because Appellant had admitted to collecting recyclables around the Borough, he had thereby deprived the Borough of those proceeds in violation of the Chapter 267, Section 9. Common

---

[1] By order dated March 25, 2015, the Superior Court transferred this matter to the Commonwealth Court pursuant to Section 762(a)(4) of the Judicial Code, 42 Pa. C.S. § 762 (a)(4), and Pennsylvania Rule of Appellate Procedure 751(a), Pa. R.A.P. 751(a).

pleas rejected Appellant's contention that he was not engaged in business, because he admitted that he derives some profit from his collection of items.

As an initial matter, we shall address the Commonwealth's argument that all of Appellant's arguments have been waived due to his failure to comply with the requirements of Pennsylvania Rule of Appellate Procedure 2119, Pa. R.A.P. 2119, which requires litigants to adequately raise and develop issues in their appellate papers. We acknowledge that the rules pertaining to the form and content of appellate briefs are mandatory. *Lal v. Dep't of Transp.*, 755 A.2d 48 (Pa. Cmwlth. 2000). The rules "apply to lawyers and non-lawyers alike." *Busch v. Dep't of Transp., Bureau of Driver Licensing*, 900 A.2d 992, 996 (Pa. Cmwlth. 2006). However, when it comes to compliance with the Pennsylvania Rules of Appellate Procedure, this Court is generally inclined to construe *pro se* filings liberally. *Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 425 (Pa. Cmwlth. 2012). This Court may waive even egregious violations of the appellate rules when the errors do not substantially interfere with our review of the appellate record. *Id*. at 426. This Court has deemed meaningful review of the merits possible when it could discern a *pro se* appellant's argument, or where the interests of justice require it. *Id*.

Appellant's brief clearly does not comply with Rule 2119. Nevertheless, the Court was easily able to discern Appellant's arguments. Although Appellant raises numerous issues in his notice of appeal and in his brief, the most relevant argument he raises is that common pleas erred because it incorrectly interpreted the ordinance. Appellant argues that the ordinance did not apply to his activities because he was not engaged in a regular hauling business.

3

Having discerned the thrust of Appellant's argument, we conclude that he has not waived his arguments and meaningful review is possible.

Article I, Chapter 367 of the Hellertown Code governs the storage and disposal of municipal waste in the Borough. Chapter 367, Section 9 provides:

> It shall be unlawful for any person, other than such persons as are duly authorized by the Borough of Hellertown, to collect and transport solid waste of any nature as a *regular hauling business* within or from the Borough of Hellertown. Authorization to engage in such a hauling business shall be given by the Borough of Hellertown. [Emphasis added.]

The Code's definition of "municipal waste," which includes "solid waste," does not include recyclables which are addressed by Article II of Chapter 367. Hellertown Code § 367-1. Section 367-1 of the Code defines "regular" as "[o]ccuring with a frequency of not less than three times within a calendar month." Black's Law Dictionary 226 (9th Ed. 2009) defines "business" as: "a commercial enterprise carried on for profit; a particular occupation or employment habitually engaged in for livelihood or gain."

The Commonwealth failed to demonstrate that Appellant's dumpster-diving activities constituted a regular hauling business. The citation was issued upon a single instance of Corporal Johnson observing Appellant collecting items, such as recyclable cans, from a dumpster. While Appellant, who is a resident of Bethlehem, acknowledges that he collects items from the trash and the side of the road, there is no evidence of record that this occurs in the Borough at least three times a month. Further, while Appellant testified that he occasionally sells items, he clearly and distinctly stated that his regular practice is to donate the items he collects to charities and that his activities do not supplement his pension. Thus,

4

the Commonwealth failed to demonstrate that Appellant's activities constitute a business for profit.

While it is clear that the Borough wished to regulate the business of waste collection and hauling, Appellant has found a gap in the Code as it does not clearly prohibit his occasional trash-picking activity. Accordingly, common pleas' order is reversed and the citation is dismissed.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Commonwealth of Pennsylvania      :
                                   :
                v.                     :      No. 328 C.D. 2015
                                     :
William H. Birk,                         :
                   Appellant      :

## **O R D E R**

AND NOW, this 10th day of November, 2015, the order of the Court of Common Pleas of Northampton County is hereby REVERSED and the citation is DISMISSED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge