# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Appeal of Michael Murawski    :
                                       :   No.  349 C.D. 2021
Appeal of:  Michael Murawski          :   Submitted:  March 18, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIER**          **FILED: June 2, 2023**


Appellant Michael Murawski (Murawski) appeals from the Order entered in the Court of Common Pleas of Philadelphia County (common pleas) on March 16, 2021, affirming the decision of the Board of License and Inspection Review (the Board) upholding the City of Philadelphia, Department of Licenses and Inspections' (the Department) revocation of Murawski's Contractor's License (License) after the Board had denied his request for a continuance of a previously scheduled hearing regarding the revocation of his License.  Following our review, we affirm.

The procedural history of this matter is not in dispute.  By letter, dated April 23, 2019, the Department notified Murawski that his License had been revoked due to the repeated violations of the License at six construction sites in the City of Philadelphia (City) in which he and various individuals under his direction and control had repeatedly engaged. Specifically, the revocation stemmed from violations of the following sections of the Philadelphia Building Construction and Occupancy Code, Title 4 of the Philadelphia Code, City of Philia. Pa., Building

Construction and Occupancy Code (2018) (Code): Section 9-1004(9)(a)(6) for repeated failure to secure required permits; 9-1004(9)(a)(8) for repeated failure to comply with violations issued by the Department; 9-1004(9)(a)(9) for repeated removal or destruction of a stop work order; and 9-1004(7)(a) for repeated failure to obtain all required permits. Phila. Code § 9-1004(9)(a)(6), (8), (9), and (7)(a); (Notice of Revocation at 2, Reproduced Record (R.R.) at A-151.[1]) In the Notice of Revocation, the Department detailed the behavior leading to the violations, which occurred in 2018 and 2019. Such behavior included Murawski's performance of construction work without having first obtained the proper zoning and building permits or performance of work exceeding the scope of issued permits, as well as his failure to halt construction despite stop work orders issued by the Department and common pleas' orders directing him to cease all work until he obtained the proper permits. (Notice of Revocation at 2-6, R.R. at A-151–A-155.)

On May 7, 2019, Murawski's initial counsel, John Raimondi, Esq., filed a timely appeal of the revocation to the Board. The Board scheduled a hearing for June 11, 2019, and both parties and their witnesses appeared at that time. Due to other matters scheduled to be heard by the Board that day, the hearing did not occur, and it was continued to July 9, 2019. On July 9, 2019, once again, the parties and their witnesses appeared, but due to the numerous cases on the hearing list, the Board again ran out of time to hear Murawski's appeal. (11/12/19 Notes of Testimony (N.T.) at 5, R.R. at A-36;[2] 3/16/21 N.T. at 18-19, R.R. at A-67–A-68.) On July 9,

---

[1] The Reproduced Record does not comport with Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173 (requiring that the pagination of reproduced records be in the form of an Arabic number followed by a small "a"). For ease, the Court will utilize the method used by the Reproduced Record.

[2] The Notes of Testimony from the November 12, 2019, hearing appear twice in the reproduced record. (*See* R.R. at A-34–A-49; A-120–A-137.) We will cite to the earlier reproduction.

2019, the Department requested that the matter be scheduled for a special session to occur outside of the Board's normal hearing hours to allow for the significant time the hearing was expected to require and for witnesses, including the code administrator, a supervisor, and possibly other inspectors, to arrange their schedules accordingly. (R.R. at A-116; 11/12/19 N.T. at 5-7, R.R. at A-36–A-38.)

An email thread commenced on July 9, 2019, and the Board and Murawski's then-new counsel, Shawn Ward, Esq., ultimately agreed that a special session hearing would be held on November 12, 2019. (R.R. at A-111–A-116.) On November 11, 2019, which was Veteran's Day and a federal holiday, Attorney Ward informed the Board that Murawski had obtained new counsel, Samuel C. Stretton, Esq., and Attorney Stretton would be requesting a continuance due to a conflict. (Common pleas' [Pa. R.A.P.] 1925(a) Opinion (Rule 1925(a) Op.) at 3; 11/12/19 N.T. at 4, 8, R.R. at A-35, A-39.) On the morning of November 12, 2019, Attorney Stretton formally requested the continuance via a letter emailed to the Board's Administrator. (R.R. at A-119.)

On the afternoon of November 12, 2019, at which time Attorney Ward appeared for the hearing with Murawski, the Board called the case as scheduled and heard from the parties on the continuance request prior to determining whether to proceed. Attorney Ward advised the Board that although he no longer represented Murawski, he was appearing as a professional courtesy in an effort to obtain a continuance, and he placed argument in support thereof on the record. (11/12/19 N.T. at 4-10, R.R. at A-35–A-41.) When the Board inquired of Murawski as to the status of representation, Murawski responded "I'm no longer using [Attorney] Ward. I'm using [Attorney] Stretton." (11/12/19 N.T. at 7, R.R. at A-38.) Murawski was then asked whether Attorney Ward was representing him for the continuance

request, and Murawski responded "Yes." (*Id.*) The Department opposed the continuance request claiming it had received inadequate notice and that due to the complexity of the matter, several inspectors and supervisors had to modify their schedules and be taken from their other, official duties to be present. (*Id.* at 7-8, R.R. at A-38–A-39.) Following a brief deliberation, the Board denied Murawski's continuance request after which Attorney Ward reminded the Board he no longer represented Murawski and, therefore, was not prepared to proceed with the hearing on the merits. (*Id.* at 10-11, R.R. at A-41–A-42.) Murawski was given the opportunity to represent himself, but he said, "I'm not able to represent myself" and "[y]ou can have your show. I have no say." (*Id.* at 12-13, R.R. at A-43–A-44.) The Board then voted to affirm the Department's revocation of Murawski's License. (*Id.* at 14, R.R. at A-45.)

Murawski filed a timely appeal of the Board's decision with common pleas. On March 16, 2021, common pleas held oral argument. Without taking additional evidence and following its review of the certified record, common pleas affirmed the Board's decision in its Order entered that same day.

Murawski appealed common pleas' Order to this Court, and on March 25, 2021, common pleas directed him to file and serve a concise statement of the errors complained of on appeal. Murawski complied, and common pleas filed its Rule 1925(a) Opinion. Therein, common pleas explained its reasoning behind the Order. Common pleas determined the Board did not abuse its discretion in denying Murawski's continuance request because the special session was scheduled to accommodate schedules, Attorney Stretton entered his appearance late and requested the continuance just hours before the hearing, the City would have been prejudiced by the continuance, and Murawski had the opportunity to present his case but chose

4

not to do so. (Rule 1925(a) Op. at 5-6.) Common pleas also determined there was substantial evidence to support the Board's decision. It reasoned a presumption arose that the violations occurred, based on the issuance of the Notice of Violation, and it was Murawski's burden to rebut the presumption, although he did not do. (*Id.* at 6-7.) Common pleas further concluded Murawski had notice and an opportunity to be heard, which is all due process required. (*Id.* at 7-8.) To the extent Murawski argued he was entitled to counsel of his choice, common pleas disagreed, stating Murawski had three different attorneys represent him before the Board and there is no constitutionally protected right to counsel in civil proceedings. (*Id.* at 8.) Lastly, common pleas explained the Board was within its discretion to dismiss Murawski's appeal for failure to prosecute when he did not present any evidence. (*Id.* at 9.)

On appeal,[3] Murawski raises two issues.[4] First, Murawski asserts common pleas abused its discretion in upholding the Board's decision denying his continuance request and requiring him to proceed with the November 12, 2019, hearing pro se.[5] Murawski avers that there would have been "no true inconvenience

---

[3] "Where [common pleas] takes no additional evidence subsequent to the board's determination, our scope of review is limited to determining whether the board committed a manifest abuse of discretion or an error of law." *Levin v. Bd. of Supervisors of Benner Twp., Centre Cnty.*, 669 A.2d 1063, 1068 (Pa. Cmwlth. 1995) (citations omitted) aff'd, 689 A.2d 224 (Pa. 1997).

[4] In his statement of issues, Murawski identifies multiple issues, which the Court has consolidated.

[5] In his brief, Murawski describes an agreement Attorney Stretton allegedly had with Attorney Ward who "does not know appellate work and does not really enjoy trials," whereby the latter, nevertheless, promised he would represent Murawski if the continuance request was denied, but instead indicated he had been "fired" and "walked out on" Murawski leaving him unrepresented and costing him his livelihood. (Murawski's Br. at 35-45, 47). There is no evidence pertaining to this alleged agreement between counsel in the notes of testimony from November 12, 2019, or anywhere else in the original record. As an appellate court, this Court's review is limited to the contents of the original record. Pa.R.A.P. 1921. Moreover, the assertion that Attorney Ward abandoned Murawski is belied by the record which evinces he argued in support of Murawski's **(Footnote continued on next page…)**

5

to the [Department]" had the Board granted his first request for a continuance, especially because the hearing had been unreasonably delayed due to the Department's actions. (Murawski's Brief (Br.) at 48-54.) Second, Murawski argues that the revocation of his License summarily without a hearing and without requiring the Department to produce "one iota" of supporting evidence or testimony constituted a violation of his due process rights (*Id.* at 31.) Murawski admits that there is "case law that seems to support this very odd position that a license can be revoked without any evidence based on a presumption," but nonetheless posits a presumption should not "carry the day in a post[-]deprivation hearing." (*Id.* at 57-58; *see also id.* at 18, 43, 55-58, 61, 66-68.) Murawski further argues he had good cause for not proceeding because he wanted counsel, which he was being denied. (*Id.* at 67.) Therefore, he asserts this matter is distinguishable from *Fountain Capital Fund, Inc. v. Pennsylvania Securities Commission*, 948 A.2d 208, 214 (Pa. Cmwlth. 2008), in which this Court held dismissing a proceeding for failure to prosecute or appear at a hearing without good cause did not violate due process. (Murawski's Br. at 67.)[6]

---

continuance request and was present at least until the Board's brief pause for deliberation. Furthermore, when the Board asked Murawski who was representing him, he indicated he was "no longer using [Attorney] Ward," except as to the continuance request, and was instead "using [Attorney] Stretton." (11/12/19 N.T. at 7, R.R. at A-38.)

[6] We are compelled to make several observations regarding Murawski's filings. This Court has stressed the Rules of Appellate Procedure were promulgated to govern practice and procedure before the appellate courts, and a party's noncompliance with those Rules "only makes this [C]ourt's review of appeals more difficult." *Levin*, 669 A.2d at 1068 n.3. Murawski's concise statement of errors complained of on appeal exceeds four pages in length, consists of six paragraphs several of which contain subparts, and presents legal argument and case citations. (*See* Murawski Br. "Exhibit 'E'.") As the Superior Court recently stressed, "[t]he fact Appellant filed a timely 1925(b) statement does not automatically equate with issue preservation[,]" for a Rule 1925(b) statement "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the party plans to raise on appeal. . . . A concise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional **(Footnote continued on next page…)**

6

equivalent to no Concise Statement at all." *Commonwealth v. Juray*, 275 A.3d 1037, 1041 n.4 (Pa. Super. 2022) (citations omitted). Despite its deficient construction, Murawski's Rule 1925(b) statement identifies the issues he presents on appeal to this Court; therefore, we will not find the issues he presents for our review to be waived due to his lengthy concise statement.

Notwithstanding, we also emphasize this Court repeatedly has held that substantial omissions, defects, and/or failures to conform to the minimal requirements for writing an appellate brief set forth in Chapter 21 of the Pa.R.A.P. will result in the quashing or dismissal of the appeal. *Lal v. Department of Transportation*, 755 A.2d 48, 49 (Pa. Cmwlth. 2000). Further, Pa.R.A.P. 2101 underscores the seriousness with which appellate courts take deviations from procedural rules, as it permits this Court to quash or dismiss an appeal for procedural noncompliance. Pa.R.A.P. 2101 (stating "[b]riefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed[.]") To assess whether this Court can reach the merits of a claim, we must consider whether the defects are so substantial that they preclude "meaningful appellate review." *Tewell v. Unemployment Comp. Bd. of Rev.*, 279 A.3d 644, 652 n.9 (Pa. Cmwlth. 2022).

Although presented as only two questions, Murawski's Statement of the Questions Involved in his brief contains multiple questions combined in each numbered paragraph and fills two pages. Pa.R.A.P. 2116 states:

> **(a) General rule.** The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby. Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question. If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116(a). Moreover, although Murawski's 73-page brief purports to be divided into two sections to correspond with the questions raised on appeal, the text is disorganized and repetitive. The result of the overlapping arguments is that the "Statement of the Questions Involved" bears little relation to the argument section of his brief. Pa.R.A.P. 2119 provides that an "argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "The purpose of this rule is to facilitate the reader's comprehension of the arguments being made." *Robinson v. Schellenberg*, 729 A.2d 122, 124 (Pa. Cmwlth. 1999). Despite these briefing defects, we have not been prevented from properly reviewing this case; therefore, we decline to quash or dismiss the instant appeal. *See* Pa.R.A.P. 2101.

Having reviewed the record, the arguments of the parties, and the relevant case law, we conclude common pleas ably resolved the issues raised by Murawski in the thorough and well-reasoned opinion of the Honorable Joshua Roberts. *In re: Appeal of Michael Murawski* (C.C.P. Philadelphia Cnty., Nov. Term 2019 No. 02760, filed June 24, 2021). Accordingly, following our careful review, we adopt common pleas' opinion and affirm.

_____
**RENÉE COHN JUBELIRER,** President Judge


Judge McCullough did not participate in the decision in this case.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

In Re: Appeal of Michael Murawski     :
                                       :    No. 349 C.D. 2021

Appeal of: Michael Murawski        :

# **O R D E R**

**NOW**, June 2, 2023, the Order of Court of Common Pleas of Philadelphia County, entered on March 16, 2021, is **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER,** President Judge

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | |
|---|---|
| Appeal of:<br>MICHAEL MURAWSKI<br><br>From a Decision of:<br>LICENSES AND INSPECTIONS<br>BOARD OF REVIEW | : Commonwealth Court Docket:<br>:<br>: 349 CD 2021<br>:<br>: Trial Court Docket:<br>:<br>: November Term 2019<br>: No. 2760<br>: |

## 1925(a) OPINION

The Philadelphia Department of Licenses and Inspections revoked Michael

Murawski's Contractor's License due to repeated alleged violations. Mr. Murawski

appealed the revocation to the Board of Review. At the Board hearing, after the

Board denied Mr. Murawski's continuance request, Mr. Murawski, who had been

represented by counsel previously in the appeal, but was not formally represented

by counsel at the hearing, chose not to proceed on his own behalf.

As a result, the Board determined that Mr. Murawski was not prepared to

proceed with his appeal, and affirmed the Department of Licenses and Inspection's

decision to suspend his Contractor's License. Mr. Murawski appealed to this Court.

On appeal to this Court, Mr. Murawski, through counsel, argued that the Board

deprived him due process by refusing to continue the hearing. After briefing, oral

argument and this Court's review of the certified administrative record, this Court

denied Mr. Murawski's appeal, concluding that Mr. Murawski had a full and fair

opportunity to be heard at the Board level.

OPFLD-In Re: Appeal Of Murawski, Michael

19110276000048

Mr. Murawski filed this timely appeal. On appeal, he argues that (1) this Court committed error by not finding that the Board had abused its discretion in denying his continuance request; (2) had the Board granted the continuance, there would have been no harm or prejudice to the City; (3) the Board's decision is not supported by substantial evidence because the Board did not hear any testimony or evidence; (4) the City had the burden at the Board level and the City failed to present any testimony or evidence; (5) Mr. Murawski was deprived due process because his license revocation was upheld without a hearing; and (6) the Board deprived Mr. Murawski of due process because it failed to hold a hearing and create a record.

The Commonwealth Court should affirm this Court's denial of Mr. Murawski's appeal. The administrative record establishes that Mr. Murawski was given an opportunity to be heard, yet he chose not to proceed at the administrative hearing, and the Board's decision is supported by substantial evidence.

## A. Factual and Procedural Background

On April 23, 2019, the Department of Licenses and Inspections ("L&I") notified Mr. Murawski that his Contractor's License was revoked due to repeated violations of the conditions of the license, as set out in the Philadelphia Code. The violations arose out of Mr. Murawski's unpermitted construction work at six sites in Philadelphia.

On May 7, 2019, Mr. Murawski filed a timely appeal to the Board of Review. Mr. Murawski was represented by attorney John Raimondi, Esq. when he filed the appeal to the Board.

The Board scheduled an initial hearing for June 11, 2019, which was continued to July 19, 2019. On July 9, 2019, the City of Philadelphia requested that the matter be scheduled for a "special session," which is a session occurring outside the Board's normal hearing hours. The basis for the City's request was that revocation of license cases can take more time and require more witnesses.

On October 3, 2020, the Board Administrator informed the City and Shawn Ward, Esq., Mr. Murawski's then-new counsel, that the Board would be available for a special session hearing on November 12, 2019. On November 11, 2019 – Veteran's Day, a government holiday – Mr. Ward informed the Board Administrator that Mr. Murawski had changed counsel, and new (and current) counsel, Samuel Stretton, Esq., would be requesting a continuance due a conflict.

On the morning of the November 12, 2019 special session, and little over two hours before the hearing was set to commence, Mr. Stretton, formally requested the continuance via a letter.

The Board called the case as scheduled on November 12, 2019, but heard from the parties on the continuance request before deciding whether to proceed with a full hearing. Mr. Ward appeared with Mr. Murawski, but Mr. Ward advised the Board on the record that he no longer represented Mr. Murawski, and he was only appearing as a professional courtesy in an attempt to obtain the continuance.

3

The City opposed the continuance request, arguing that it had inadequate notice of the request, and due to the complexity of the license revocation case, several L&I inspectors and supervisors had to change around their schedules to attend the hearing.

After deliberation, the Board denied the continuance request. Mr. Ward again advised the Board that he no longer represented Mr. Murawski and he was not prepared to proceed on the merits.

Mr. Murawski declined to represent himself and proceed on the merits. There was a question as to whether Mr. Murawksi could represent one of the LLCs at issue, but because Mr. Murawski chose not to proceed at all, the issue became moot.

Thereafter, the Board voted to affirm L&I's decision to revoke Mr. Murawski's Contractor's License.

## B.    Standard of Review

Appeals of final orders of a local agency are made in the first instance to the trial court, which functions as an appellate court with appellate jurisdiction. 2 Pa. C.S. § 752; 42 Pa. C.S. §701(a), *King v. City of Phila.*, 102 A.3d 1073, 1076 (Pa. Commw. 2014). On appeal, the trial court reviews the full, certified record made before the local agency. 42 Pa. C.S. §754(b).

The trial court's standard of review when hearing an appeal on the complete record from a local agency proceeding is limited to "whether constitutional rights were violated, whether an error of law was committed, or whether the [agency's]

4

findings of fact were supported by substantial evidence." *Clement & Muller, Inc. v. Tax Review Bd. of City of Philadelphia*, 659 A.2d 596, 597 (Pa. Commw. 1995).

## C.   Mr. Murawksi Was Not Deprived Due Process

On appeal, Mr. Murawski argues that the Board violated his constitutional right to due process when it denied the continuance request. All of the issues Mr. Murawski raises in his 1925(b) Statement stem from the Board's denial of his continuance request, and this Court's affirmation of the Board's decision.

### 1.   *The Board Properly Denied the Continuance Request*

"It is well settled that the grant or refusal of a continuance rests in the discretion of the court or administrative agency to which the application is made, and its exercise of this discretion will not be reviewed except in clear cases of abuse." *Blackledge v. Pa. State Police*, 435 A.2d 309, 311 (Pa. Commw. 1981).

The Board properly exercised its discretion when considering Mr. Murawski's continuance request. *First*, the Board had scheduled the special session because the case had been previously continued, and a special session was required to accommodate the complexity of the case, the number of potential witness, and the various lawyer schedules. *Second*, Mr. Murawski's new counsel did not enter his appearance or make the continuance request until the day before the special session, and the day before was a government holiday. *Third*, despite Mr. Murawski's arguments to this Court that there would be no prejudice to the City, the Board heard from the City's counsel, who explained that the complexity of the case had required several L&I inspectors to alter their normal schedules to attend

5

the hearing. *Fourth*, Mr. Murawski was physically present at the hearing and he had the opportunity put on his case. He chose not to do so. Thus, for all of those reasons, this Court concluded that the Board did not abuse its discretion in denying Mr. Murawski's continuance request.

2.    *The Board's Decision is Supported by Substantial Evidence*

Mr. Murawski argues that the Board's decision is not supported by substantial evidence because the Board did not hear any testimony or evidence, or create a record. This is simply not the case. Mr. Murawski appealed a decision by L&I. The record the Board relied upon, in the absence of any contrary testimony or evidence (because Mr. Murawski declined to put on his case), was L&I's record of violations.

"Municipal officers are presumed to have properly performed their duties and to have taken the steps necessary to give validity to their official acts." *Miners Sav. Bank of Pittston v. Duryea Borough,* 200 A. 846, 848 (Pa. 1938). "This presumption of official propriety is conclusive if not rebutted by affirmative evidence of irregularity." *Dowds v. Zoning Bd. of Adjustment,* 165 A.3d 75, 80 (Pa. Commw. 2017) (citing *Mamallis v. Borough of Millbourne,* 164 A.2d 209, 211 (Pa. 1960)). The burden of producing evidence challenging the propriety of a City official's action "rests upon him who asserts unlawful or irregular conduct" by that official. *Falkinburg v. Venango Twp.,* 147 A. 62, 64 (Pa. 1929).

L&I issued multiple violations against Mr. Murawski's Contractor's License related to Mr. Murawski's construction activities at six work sites in Philadelphia.

Those violations, which spanned a period of years, included performing work without permits, performing work after L&I issued multiple Stop Work Orders and Court Orders to cease construction, causing damage to an adjacent property, failing to provide a pedestrian safety footway, and other "life safety violations." Mr. Murawski had the burden, through affirmative evidence, to rebut L&I's actions. Because Mr. Murawski presented no affirmative evidence, the violations L&I found were conclusive. The unrebutted L&I records provided substantial evidence of the violations. Thus, the Board's decision is supported by substantial evidence.

3.    *Mr. Murawski Had Notice and an Opportunity to be Heard*

"In an administrative proceeding, the essential elements of due process are notice and an opportunity to be heard." *Grossman v. State Bd. of Psychology,* 825 A.2d 748, 762 (Pa. Commw. 2003). "Due process is a flexible concept and imposes only those procedural safeguards as the situation warrants." *Pa. Bankers Ass'n v. Pennsylvania Dep't of Banking,* 981 A.2d 975, 998 (Pa. Commw. 2009). Notice is the most basic requirement of due process. *Pa Coal Mining Ass'n v. Ins. Dep't,* 370 A.2d 685, 692 (Pa. 1977). While notice must be calculated to inform of the pending action and provide information necessary for the respondent to present objections, due process does not confer an absolute right to be heard. *Captline v. County of Allegheny,* 718 A.2d 273, 275 (Pa. 1998); *Grossman,* 825 A.2d at 762.

When Mr. Murawski appealed the license revocation, the Board initially scheduled the hearing for June 11, 2019. After the Board continued the hearing,

7

the Board and all parties eventually agreed to hold the hearing on November 12, 2019, at a special session.

Mr. Murawski had six months from the date of his appeal to prepare for the Board hearing. Mr. Murawski clearly had notice of the special session hearing – evidenced by his presence at the hearing. Likewise, he had an opportunity to be heard at the hearing before the Board affirmed the decision of L&I. He declined the opportunity.

It is immaterial that counsel of Mr. Murawski's choosing was unable to be present at the special session hearing. Mr. Murawski went through three different lawyers during his appeal at the Board level. He – and his lawyers – knew that this matter had been specially listed and there was a chance at the Board hearing that the Board would deny the continuance request.

Mr. Murawski had no right to be represented by counsel at all. A party does not have a constitutionally protected right to representative in civil proceedings. *Powell v. Unemployment Compensation Review Bd.*, 157 A.3d 884, 894 (Pa. 2017). Thus, an agency does not violate an appellant's due process or equal protection rights if it deprives an appellant to be heard with the representative of his or her choice. *Id.* Mr. Murawski made a knowing, informed choice to *not* proceed at the hearing after the Board had denied his continuance request. This Court properly concluded that the Board provided Mr. Murawski with notice and an opportunity to be heard.

4. *The Board Proceeded Appropriately in Mr. Murawski's Absence*

To the extent Mr. Murawski's actions are viewed as a failure to prosecute his appeal, the Board was still within its rights to proceed to a decision in Mr. Murawski's absence (although, of course, Mr. Murawski was still physically present at the hearing). A party's failure to prosecute or failure to appear at a hearing without good cause does not violate due process. An administrative agency does not violate due process when it dismisses an appeal for a failure to prosecute. *Fountain Capital Fund, Inc. v. Pa. Securities Comm'n*, 948 A.2d 208, 214 (Pa. Commw. 2008); *Burch v. Dep't of Pub. Welfare*, 815 A.2d 1143, 1145 (Pa. Commw. 2002).

**D.    Conclusion**

For the foregoing reasons, this Court respectfully submits that the Commonwealth Court should affirm this Court's denial of Mr. Murawski's appeal.

BY THE COURT:

_____
Joshua Roberts, J.

Dated: June 23, 2021

9