# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles J. Walsh, III and Laura Blau and Philadelphia Community Development Coalition | : | **CASES CONSOLIDATED** |
| | : | |
| | : | |
| | : | |
| v. | : | No. 577 C.D. 2022 |
| | : | |
| Teresa F. Isabella and 325 S. 18th Street, LLC | : | |
| | : | |
| Appeal of: Teresa F. Isabella | : | |
| | | |
| Charles J. Walsh, III and Laura Blau and Philadelphia Community Development Coalition | : | |
| | : | |
| | : | |
| | : | |
| v. | : | Nos. 624 and 1166 C.D. 2022 |
| | : | |
| Teresa F. Isabella and 325 S.18th Street, LLC | : | |
| | : | |
| Appeal of: 325 S. 18th Street, LLC | : | |
| | | |
| Charles J. Walsh III and Laura Blau and Philadelphia Community Development Coalition | : | |
| | : | |
| | : | |
| | : | |
| v. | : | No. 1235 C.D. 2022 |
| | : | |
| Teresa F. Isabella and 325 S. 18th Street, LLC | : | |
| | : | |
| Appeal of: 325 S. 18th Street, LLC | : | |

Charles J. Walsh III, and Laura Blau,  :
and Philadelphia Community  :
Development Coalition  :
  :
     v.  :  No. 76 C.D. 2023
  :
Teresa F. Isabella and  :
325 S. 18th Street, LLC  :
  :
Appeal of: 325 S. 18th Street, LLC  :  Submitted:  October 8, 2024

BEFORE:   HONORABLE ELLEN CEISLER, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                       FILED:  December 23, 2024

In these consolidated appeals, Teresa F. Isabella and 325 S. 18th Street, LLC (together, Appellants) appeal from 10 separate Orders entered by the Philadelphia County Court of Common Pleas (Trial Court) in the above-captioned cases.  For the reasons that follow, we quash Appellants' appeals.

## I.  BACKGROUND

On June 3, 2016, Charles J. Walsh, III, Laura Blau, and the Philadelphia Community Development Coalition (PCDC) filed in the Trial Court a Petition for Appointment of a Conservator (Petition) under the Abandoned and Blighted Property Conservatorship Act, Act of November 26, 2008, P.L. 1672, No. 135, *as amended*, 68 P.S. §§ 1101-1120, commonly known as Act 135.[1]  The subject of the

---

[1] Mr. Walsh and Ms. Blau have not participated in the underlying Act 135 litigation or any related appeals since May 2017.

Petition was a blighted building located at 325 South 18th Street in Philadelphia, Pennsylvania (Property). Ms. Isabella was the owner of the Property at the time the Petition was filed. On April 28, 2017, 325 S. 18th Street, LLC purchased the Property from Ms. Isabella for $1,000,000 and was granted intervenor status in the Act 135 proceedings.

On May 17, 2017, the Trial Court granted the Petition and appointed PCDC as conservator of the Property. In September 2018, the Trial Court held a hearing on PCDC's Final Plan for Blight Remediation (Final Plan), which detailed how PCDC would restore the Property to comply with applicable municipal code requirements. On September 24, 2018, the Trial Court approved the Final Plan.

In the ensuing years, Appellants filed a plethora of motions in the Trial Court in which they sought to, *inter alia*, terminate the Act 135 conservatorship, remove PCDC as conservator, and disqualify multiple trial judges involved in the case, which were denied. Appellants have filed 21 appeals from those adverse rulings in both this Court and the Pennsylvania Supreme Court, which were unsuccessful. *See* PCDC Br. at 14-15, 49 n.17. In 2021, Appellants also filed two actions against PCDC and various individuals in the United States District Court for the Eastern District of Pennsylvania asserting claims of conspiracy, which were dismissed. One of those actions proceeded to the United States Court of Appeals for the Third Circuit, which affirmed the dismissal of the matter. PCDC has since worked to remediate the property in accordance with the Final Plan.

Following six years of litigation, on January 6, 2022, the Trial Court approved the final sale of the Property to OCF Holdings LLC "free and clear of all liens,

claims, and encumbrances" pursuant to Section 9(d) of Act 135, 68 P.S. § 1109(d). Trial Ct. Op., 9/6/22, at 2.[2]

On January 17, 2022, PCDC filed a Motion for Determination of Finality (Finality Motion) relating to the Trial Court's January 6, 2022 Order pursuant to Pa.R.A.P. 341(c).[3] On May 10, 2022, the Trial Court granted PCDC's Finality Motion, stating in pertinent part:

---

[2] Prior to filing the present appeals, both Appellants filed appeals with this Court from the Trial Court's January 6, 2022 Order approving the final sale of the Property. Those consolidated appeals are docketed at numbers 47 C.D. 2022 and 48 C.D. 2022 and are still pending.

[3] Rule 341(c) provides:

**(c) Determination of Finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court . . . may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

(1) An application for a determination of finality under subdivision (c) must be filed within 30 days of entry of the order. During the time an application for a determination of finality is pending, the action is stayed.

(2) Unless the trial court . . . acts on the application within 30 days after it is filed, the trial court . . . shall no longer consider the application and it shall be deemed denied.

(3) A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c). Any denial of such an application is reviewable only through a petition for permission to appeal under Pa.R.A.P. 1311.

Pa.R.A.P. 341(c).

> The [O]rder of th[e Trial] Court . . . entered on January 6, 2022 is marked as a Final Order in accordance with Rule 341(c) of the Pennsylvania Rules of Appellate Procedure for the purpose challenging the authority, right and ability of [PCDC] as the [c]ourt-appointed conservator of [the Property] to sell and transfer [the Property] to OCF Holdings or its affiliated company[].

Trial Ct. Order, 5/10/22, at 1.[4]

On January 20, 2022, PCDC submitted a Fee and Cost Report with supporting documentation to the Trial Court.[5]  In its Fee and Cost Report, PCDC stated:  "[T]he statutorily recoverable costs of this [c]onservatorship through January 4, 2022 totals an amount not less than $438,742.42 for blight remediation work in accordance with the Final Plan and an amount not less than $429,889.25 in legal fees and costs."  PCDC Fee & Cost Report, 1/20/22, ¶ 17.   325 S. 18th Street, LLC filed Objections to the Fee and Cost Report on March 17, 2022.

The Trial Court held a bifurcated hearing on fees and costs on April 26, 2022, July 14, 2022, and July 25, 2022.  On October 7, 2022, the Trial Court entered a "Final Order" awarding fees and costs to PCDC and directing that

> (1) "all statutorily recoverable fees and costs of [PCDC] shall be paid out of the proceeds of the sale of [the Property]";
>
> (2) PCDC "shall file a priority lien against the proceeds of the sale of [the Property] for the statutorily recoverable costs and fees";

---

[4] In its May 10, 2022 Order, the Trial Court also directed that "[a]ny party who appeals from the [January 6, 2022] Order . . . shall post 'appropriate security'—within five (5) business days from the docketing of this Order—in the amount of $1,504,092.73—as financial security for an appeal . . . ."  Trial Ct. Order, 5/10/22, at 1.

[5] On December 21, 2021, the Trial Court directed the parties to submit to the Trial Court copies of all bills and proofs of payment related to the conservatorship, copies of all liens on the Property, a breakdown of all attorneys' fees (and the reasons for the accrued fees), and copies of any *lis pendens* on the Property.  Trial Ct. Order, 12/21/21, at 1.

4

(3) PCDC shall "deposit any funds remaining from the proceeds of the approved sale of the [P]roperty into escrow at the [Trial Court's] Office of Judicial Records";

(4) under Section 10(3) of Act 135, "68 P.S. [§] 1110(3), the [c]onservatorship shall be terminated upon satisfaction of the condition that the proceeds of the sale of [the Property] are distributed in accordance with [Section 9(d) of Act 135,] 68 P.S. [§] 1109(d)"; and

(5) "any subsequent disputes among the parties as to whom is entitled to any excess money left over from the sale of [the Property] after the proceeds of the sale are distributed in accordance with 68 P.S. [§] 1109(d) is a separate action from the instant case and a new action shall be filed."

Trial Ct. Order, 10/7/22, at 5-6.

The following appeals are presently before this Court:

- **577 C.D. 2022:** Ms. Isabella appeals from (i) the May 10, 2022 Order Granting PCDC's Motion for Finality and Increased Bond and (ii) the May 17, 2022 Order denying 325 S. 18th Street, LLC's Motion to Strike the Act 135 Petition.

- **624 C.D. 2022:** 325 S. 18th Street, LLC appeals from (i) the May 10, 2022 Order Granting PCDC's Motion for Finality and an Increased Bond and (ii) the May 17, 2022 Order denying 325 S. 18th Street, LLC's Motion to Strike the Act 135 Petition.

- **1166 C.D. 2022:** 325 S. 18th Street, LLC appeals from (i) the September 20, 2022 Order denying its Seventh Motion to Terminate the Act 135 Conservatorship and (ii) the September 20, 2022 Order denying its Motion to Strike Trial Exhibits.

- **1235 C.D. 2022:** 325 S. 18th Street, LLC appeals from (i) the October 7, 2022 Order granting PCDC's Fee and Cost Petition; (ii) the October 27, 2022 Order dismissing as moot its Motion to Strike Proposed Findings of Fact and Conclusions of Law; (iii) the October 27, 2022 Order dismissing as moot its Eighth Motion to Terminate the Act 135 Conservatorship; and (iv) the November 1, 2022 Order denying its Post-Trial Motion.

5

- **76 C.D. 2023:** 325 S. 18th Street, LLC appeals from (i) the January 10, 2023 Order dismissing its Fourth Motion to Disqualify the Trial Judge and (ii) the January 12, 2023 Order dismissing its Ninth Motion to Terminate the Act 135 Conservatorship.

## II. ANALYSIS

### A.  Ms. Isabella's Appeal (No. 577 C.D. 2022)

Ms. Isabella appeals, *pro se*, from two Trial Court Orders: (1) the May 10, 2022 Order granting PCDC's Finality Motion, and (2) the May 17, 2022 Order denying 325 S. 18th Street, LLC's Motion to Strike the Act 135 Petition.

### 1.  Appeal from May 10, 2022 Order

Preliminarily, we address the timeliness of the Trial Court's May 10, 2022 Order granting PCDC's Finality Motion, as it implicates this Court's jurisdiction to consider Ms. Isabella's appeal from that Order.[6]

---

[6] We address the appealability of the Trial Court's May 10, 2022 Order to provide clarity on the appealability of orders granting or denying applications for finality under Pa.R.A.P. 341(c), as there has been no recent pronouncement from our Court on this precise issue.  We decline to specifically address the appealability of the remaining Trial Court orders identified in Appellants' Notices of Appeal because, as discussed *infra*, Appellants' filings fail to substantially comply with the Pennsylvania Rules of Appellate Procedure.  We note, however, that this Court recently explained the general rule regarding the appealability of interlocutory orders in Act 135 cases as follows:

Although this Court has held that conservatorship proceedings under Act 135 generally are included within the category of matters referenced in [Pa.R.A.P.] 311(a)(2)[ (involving interlocutory appeals as of right)], the rule authorizes a direct appeal from an interlocutory order "confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property . . . ."  Pa.[]R.A.P. 311(a)[(2)].  *The question thus is whether* [*a trial court order*] *approv*[*ing*] *the sale of the* [*p*]*roperty*[] *was an order "confirming, modifying, dissolving, or refusing to confirm, modify or dissolve" the conservatorship.  We conclude that it was not. The circumstances in which we have considered appeals from conservatorship*

**(Footnote continued on next page…)**

By way of background, Pa.R.A.P. 341(c) recognizes that where an order dismisses less than all claims or all parties from a case, the trial court may *sua sponte* determine that an immediate appeal will facilitate resolution of the entire case and include language to that effect in the body of its order; if such language is included in the original order, the order is appealable at the time it is entered. If such language is *not* included in the original order, as was the case here, a party may file an application with the trial court seeking a determination of finality under Rule 341(c).

Subsections (1) and (2) of Rule 341(c) govern applications for a determination of finality and provide:

> (1) An application for a determination of finality under subdivision (c) *must be filed within 30 days of entry of the order*. During the time an application for a determination of finality is pending, the action is stayed.
>
> (2) *Unless the trial court . . . acts on the application within 30 days after it is filed, the trial court . . . shall no longer consider the application and it shall be deemed denied.*

Pa.R.A.P. 341(c)(1) and (2) (emphasis added).

Here, PCDC timely filed its Finality Motion on January 17, 2022, 11 days after the entry of the January 6, 2022 Order. However, the Trial Court did not rule on the Finality Motion until four months later, on May 10, 2022. In its May 10, 2022 Order, the Trial Court declared that its January 6, 2022 Order was a "Final Order" under Rule 341(c) "for the purpose challenging the authority, right and ability of

---

*proceedings under Act 135 have involved appeals from orders appointing or terminating, or refusing to appoint or terminate, a conservatorship.*

*Phila. Cmty. Dev. Coal., Inc. v. Fassett*, 312 A.3d 377, 388 (Pa. Cmwlth. 2024) (some internal citations and footnote omitted) (emphasis added); *see also Phila. Cmty. Dev. Coal., Inc. v. Phila. Redevelopment Auth.*, 298 A.3d 172, 176-77 (Pa. Cmwlth. 2023).

7

[PCDC] as the [c]ourt-appointed conservator of [the Property] to sell and transfer of [the Property] to OCF Holdings or its affiliated company[].ˮ Trial Ct. Order, 5/10/22, at 1. In its subsequent Pa.R.A.P. 1925(a) Opinion, the Trial Court explained the reason for its delay in ruling on the Finality Motion as follows:

> The docket reflects that the order at issue in the [Finality Motion] was issued on January 6, 2022. The [Finality] Motion was filed on January 17, 2022. The [Trial] Court did not rule on this motion until May 10, 2022. *This violates [Rule] 341(c)(2).* However, th[e Finality M]otion was incorrectly assigned to a different judge within the [Trial Court]. This Court did not know of th[e Finality M]otion's existence until on or around April 20, 2022. *The [Trial] Court did rule on the motion within 30 days of receipt.*

Trial Ct. Op., 9/6/22, at 5 (emphasis added).[7] Despite this apparent administrative breakdown, however, we conclude that the Trial Court erred in entering the May 10, 2022 Order.

Our case law is clear that if a party fails to apply for a determination of finality within 30 days of the original order, or if the trial court fails to act on a motion for finality within 30 days of the application, the appeal must be quashed. *See Bailey v. RAS Auto Body, Inc.*, 85 A.3d 1064, 1067 (Pa. Super. 2014) (quashing appeal, in part, due to "the procedural missteps which plague[d] the propriety of th[e] appeal, including the expiration of the time period for the trial court to certify its orders as final" under Rule 341(c)); *Brickman Grp., Ltd. v. CGU Ins. Co.*, 829 A.2d 1160, 1165 (Pa. Super. 2003) (quashing appeal where the application for finality was filed

---

[7] The Trial Court docket entries show that PCDC filed its Finality Motion on January 17, 2022, and 325 S. 18th Street, LLC filed an Answer in Opposition on February 7, 2022. On February 9, 2022, the motion was assigned to Judge Ann Butchart. On February 20, 2022, the motion was reassigned to an unidentified "conservatorship" judge. On April 25, 2022, the motion was reassigned to Judge Kenneth Powell, the trial judge whose January 6, 2022 Order was the subject of the Finality Motion.

8

more than 30 days after the original order); *Advantage Dev., Inc. v. Bd. of Supervisors of Jackson Twp.*, 688 A.2d 1237, 1239 (Pa. Cmwlth. 1997) (quashing appeal where the trial court's order of finality was entered more than 30 days after its original order); *Korn v. DeSimone Reporting Grp., Inc.*, 685 A.2d 183, 184 (Pa. Super. 1996) (quashing appeal where the trial court failed to act on an application for finality within 30 days of the entry of its original order); *see also E. Liberty Dev., Inc. v. City of Pittsburgh*, 323 A.3d 32, 38 (Pa. Cmwlth. 2023) (quashing a petition for permission to appeal from an order denying certification as untimely under Pa.R.A.P. 1311 because the application to certify was deemed denied when the trial court did not dispose of the application within 30 days of its filing).

Under the plain language of Rule 341(c)(2), PCDC's Finality Motion was "deemed denied" 30 days after its filing, on February 16, 2022, as a matter of law.[8] Pa.R.A.P. 341(c)(2). As such, the Trial Court had no authority to act on the Finality Motion beyond that date. *See id.* (stating that if the trial court fails to act on an application for finality within 30 days, the trial court "*shall no longer consider the application*") (emphasis added); *see also Murphy v. Dep't of Transp.*, 733 A.2d 688, 690 n.3 (Pa. Cmwlth. 1999) (concluding that the trial court's order sustaining preliminary objections "was not timely granted during the 30-day appeal period from [its] September 17, 1998 order as required by Pa.R.A.P. 1701(b)(3) and was, therefore, a nullity"). Consistent with our case law, we conclude that the Trial Court's May 10, 2022 Order granting PCDC's Finality Motion was a legal nullity. Therefore, we quash Ms. Isabella's appeal from that Order.

---

[8] PCDC could have requested permission to appeal to this Court within 30 days of the February 16, 2022 deemed denial, but it did not. Pa.R.A.P. 341(c)(3) (stating that "[a]ny denial of . . . an application [for determination of finality] is reviewable *only through a petition for permission to appeal under Pa.R.A.P. 1311*") (emphasis added).

9

## 2. Appeal from May 17, 2022 Order

We now turn to Ms. Isabella's appeal from the May 17, 2022 Order denying 325 S. 18th Street, LLC's Sixth Motion to Strike the Act 135 Petition. Due to Ms. Isabella's failure to substantially comply with the requirements of the Pennsylvania Rules of Appellate Procedure, we quash her appeal from that Order.

We begin by emphasizing the clear mandate of Pa.R.A.P. 2101:

> Briefs and reproduced records *shall conform in all material respects with the requirements of these rules* as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, *if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.*

Pa.R.A.P. 2101 (emphasis added). "This Court has repeatedly held that substantial omissions, defects, and/or failures to conform to the minimal requirements . . . for writing an appellate brief set forth in Chapter 21 of the Pennsylvania Rules of Appellate Procedure *will result in the quashing or dismissal of the appeal.*" *Lal v. Dep't of Transp.*, 755 A.2d 48, 49 (Pa. Cmwlth. 2000) (emphasis added); *see also Kochan v. Dep't of Transp., Bureau of Driver Licensing*, 768 A.2d 1186, 1188 (Pa. Cmwlth. 2001) ("A [b]rief which is not in conformance with the Rules of Appellate Procedure is substantially defective and, consequently, precludes us from conducting meaningful appellate review of a matter.").

In this case, Ms. Isabella's brief fails to conform with several mandates in Chapter 21 of our appellate rules. Her Statement of the Case is not a "*closely condensed* chronological statement . . . of all the facts which are necessary to be known in order to determine the points in controversy." Pa.R.A.P. 2117(a)(4) (emphasis added). Rather, her Statement of the Case encompasses 58 pages and is interspersed with computer screenshots, photographs, and lengthy excerpts of court

10

filings and other documents. *See* Isabella Br. at 14-72. The Statement of the Case also includes averments of personal opinion and argument, in contravention of Rule 2117(b)'s requirement that the Statement "shall not contain any argument," and, therefore, it is not "a balanced presentation of the history of the proceedings." Pa.R.A.P. 2117(b). Ms. Isabella's Statement of the Case includes personal criticisms of multiple trial judges involved in the Act 135 proceedings, as well as allegations of collusion and conspiracy amongst PCDC's attorneys. *See, e.g.*, Isabella Br. at 19, 40-41, 56-57, 69-70. The Statement also includes an irrelevant discussion of 325 S. 18th Street, LLC's Tenth Motion to Terminate the Conservatorship, which she admits is not at issue in these appeals. *See* Isabella Br. at 70-72.

Moreover, the Argument section of Ms. Isabella's brief is comprised of only five paragraphs, which do not specifically address the Orders that are the subject of her appeal; instead, she rehashes prior unsuccessful arguments against the conservatorship and challenges "previous erroneous Commonwealth [Court] Orders." *See* Isabella Br. at 74-79. Our Supreme Court has explained:

> Our rules of appellate procedure are explicit that the argument contained within a brief must contain "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "[W]*here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived*. It is not the obligation of [the appellate court] to formulate [the a]ppellant's arguments . . . ."

*Wirth v. Com.*, 95 A.3d 822, 837 (Pa. 2014) (emphasis added).

11

Accordingly, due to the substantial defects in Ms. Isabella's brief that impede our appellate review, we quash Ms. Isabella's appeal from the Trial Court's May 17, 2022 Order. *See* Pa.R.A.P. 2101.[9]

### B. 325 S. 18th Street, LLC's Appeals (Nos. 624 C.D. 2022, 1166 C.D. 2022, 1235 C.D. 2022, and 76 C.D. 2023)

In docket number 624 C.D. 2022, 325 S. 18th Street, LLC appeals from the Trial Court's May 10, 2022 Order granting PCDC's Finality Motion. For the reasons stated in Section II.A.1. of this Opinion, *supra*, we conclude that the Trial Court's May 10, 2022 Order is a legal nullity, and, therefore, we quash 325 S. 18th Street, LLC's appeal from that Order on that basis.

With regard to 325 S. 18th Street, LLC's appeals from the nine remaining Trial Court Orders identified in its four Notices of Appeal, we quash those appeals due to 325 S. 18th Street, LLC's failure to substantially comply with our Rules of Appellate Procedure.

325 S. 18th Street, LLC's Statement of the Case is not a "*closely condensed chronological statement . . . of all the facts which are necessary to be known in order to determine the points in controversy . . . .*" Pa.R.A.P. 2117(a)(4) (emphasis added). Its Statement of the Case encompasses 53 pages and, like Ms. Isabella's, is randomly interspersed with computer screenshots, photographs, and lengthy excerpts of court filings and other documents. The Statement of the Case also includes argument in violation of Rule 2119(b) and is not "a balanced presentation of the history of the proceedings." Pa.R.A.P. 2117(b). Further, 325 S. 18th Street, LLC references and

---

[9] Although this Court is willing to construe *pro se* filings liberally, *pro se* status generally confers no special benefit on an appellant. *See Means v. Hous. Auth. of City of Pittsburgh*, 747 A.2d 1286, 1289 (Pa. Cmwlth. 2000). Thus, a *pro se* litigant must comply with our appellate rules, and we may quash or dismiss an appeal if the appellant fails to comply with the rules. *See* Pa.R.A.P. 2101; *Means*, 747 A.2d at 1289.

appends to its brief documents that are not part of the original record before this Court.[10] "It is well settled that this Court may not consider extra-record evidence that is not part of the [original] record on appeal." *Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022); *see Yespelkis v. Workers' Comp. Appeal Bd. (Pulmonology Assocs. Inc.)*, 986 A.2d 194, 198 n.5 (Pa. Cmwlth. 2009) (same).

Moreover, 325 S. 18th Street, LLC's Summary of Argument is not a "concise summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118. The Summary of Argument does not even address the issues identified in the Statement of Questions Involved; instead, 325 S. 18th Street, LLC alleges bias and impropriety by the Trial Court and this Court. For example, 325 S. 18th Street, LLC asserts:

> [D]isturbingly deliberate, "breakdowns" in theses appellate processes arising out of the clearly contrived and circuitous disregard of mandatory Pennsylvania Rules of Appellate Procedure (i.e., 1925(a), 1931(a)(1), (b)(c)(d)(f) and 1935), further impugns the integrity and, *therewith, the validity*, of these consolidated appeals. Be clear, *subjectivity* has no place in the analysis or outcome of the challenges

---

[10] As PCDC points out:

In [its] opening/advance brief, [325 S. 18th Street, LLC] attaches or references numerous documents that *de hors* the record, like printouts from webpages downloaded on May 17, 2023 (See [325 S. 18th Street, LLC] Advance Brief at 1000); LinkedIn excerpts from July 8, 2023 (See [325 S. 18th Street, LLC] Advance Brief at 1007); various court records from entirely unrelated cases (See, e.g., [325 S. 18th Street, LLC] Advance Brief at 1029); and, trial court pleadings and other records that are *dated well past the last filing date of the last of the Consolidated Appeals – i.e., 76 CD 2023 having been filed on January 27, 2023*. (See [325 S. 18th Street, LLC] Advance Brief at 1112 (appending court records dated February 10, 2023).)

PCDC Br. at 57-58 (emphasis added).

13

[S. 18th Street, LLC] has brought before this Court. The multitude of errors are as *extreme* and *outrageous* as they are irrefutable.

325 S. 18th Street, LLC Br. at 86 (emphasis in original); *see also id.* (referencing "the [T]rial [C]ourt's undeniable and unbridled bias").

The Argument section, which begins on *page 87* of 325 S. 18th Street, LLC's brief, is similarly deficient. Like the Statement of the Case, the Argument is interspersed with photographs and excerpts of court filings and other documents with no discussion of how those photographs and excerpts relate to the issues on appeal. While 325 S. 18th Street, LLC cites some boilerplate law in its Argument, it fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our appellate rules and case law. *See* Pa.R.A.P. 2119(a); *see also Com. v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018) (declining to analyze cited decisions where the appellant failed to develop an accompanying argument, as appellate courts are "'neither obliged, nor even particularly equipped, to develop an argument for a party'") (citation omitted).

Even more egregiously, throughout the Argument section, 325 S. 18th Street, LLC incorporates by reference portions of briefs, motions, and exhibits previously filed in the Trial Court. *See, e.g.*, 325 S. 18th Street, LLC Br. at 95-96, 107-08, 110 n.61, 111, 114, 116. In other words, rather than clearly setting forth each of its arguments on appeal, 325 S. 18th Street, LLC essentially asks this Court to sift through the colossal record to locate its previously raised legal arguments, which we will not do. Indeed, our Supreme Court has declared that "our appellate rules *do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief.*" *Com. v. Briggs*, 12 A.3d 291, 343 (Pa. 2011) (emphasis added); *see Upper Moreland Twp. Sch. Dist. v.*

14

*Crisafi*, 86 A.3d 950, 954 (Pa. Cmwlth. 2014) (stating that "*incorporation by reference is not proper development of an issue* raised in a brief") (emphasis added); *see also Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018) (stating that an appellate court will "not develop an argument for an appellant, *nor shall we scour the record to find evidence to support an argument*") (emphasis added). In fact, this Court expressly admonished counsel for 325 S. 18th Street, LLC for "largely incorporat[ing] by reference or otherwise direct[ing] this Court to the arguments made in . . . documents filed [in the Trial Court]" in a prior appeal in this matter. *See Walsh v. Isabella* (Pa. Cmwlth., Nos. 1689 & 1781 C.D. 2019, filed June 23, 2021), slip op. at 4.[11]

Finally, Pa.R.A.P. 2171(b) provides that "[i]n all cases the record may be reproduced separately, and *must be if it and the brief together contain more than 100 pages*." Here, 325 S. 18th Street, LLC attached *55 appendices* to its principal brief. The brief and appendices together total 1,205 pages in direct violation of Rule 2171(b). Despite its attachment of 55 appendices to its principal brief, 325 S. 18th Street, LLC also filed a four-volume Reproduced Record that totals 3,783 pages.

As this Court has previously stated, "While some of the errors in [325 S. 18th Street, LLC's] brief could, if viewed in isolation, be considered *de minimis* violations of the Rules [of Appellate Procedure], the sheer volume of violations and errors . . . constitute substantial defects warranting quashing of this appeal pursuant to Pa.R.A.P. 2101." *Lal*, 755 A.2d at 51. Therefore, we quash 325 S. 18th Street,

---

[11] In two earlier appeals, this Court stated: "[328 S. 18th Street, LLC] raises eleven issues for consideration. Most of [its] issues involve matters that are irrelevant, outside the scope of this appeal, or waived because they were not raised before the trial court. Those issues are not properly before this Court and will not be addressed." *Walsh v. Isabella* (Pa. Cmwlth., No. 862 C.D. 2018, filed Apr. 24, 2020), slip op. at 6-8; *see also Phila. Cmty. Dev. Coal. v. Isabella* (Pa. Cmwlth., Nos. 11, 12, & 268 C.D. 2019, filed Aug. 28, 2020), slip op. at 6-8 (stating the same).

LLC's appeals at docket numbers 624 C.D. 2022, 1166 C.D. 2022, 1235 C.D. 2022, and 76 C.D. 2023.  *See* Pa.R.A.P. 2101.[12]

## III.   CONCLUSION

These consolidated appeals represent the latest in Appellants' eight-year-long effort to terminate the conservatorship of the Property.  To date, however, Appellants have not presented the Trial Court with sufficient grounds to terminate the conservatorship under Act 135.  As PCDC aptly observes, Appellants' "voluminous opening briefs[]" include the same "sweeping attacks on PCDC, [its] counsel[,] and the judiciary that have and continue to permeate [its] submissions" at all court levels.  PCDC Br. at 16 n.2; *see, e.g.*, 325 S. 18th Street, LLC Br. at 112 (accusing the trial

---

[12] Notwithstanding the gross deficiencies in its brief, 325 S. 18th Street, LLC also failed to comply with the requirements of Pa.R.A.P. 1925(b).  As the Trial Court explained in its Pa.R.A.P. 1925(a) Opinion in the appeal at docket number 1166 C.D. 2022:

> [*325 S. 18th Street, LLC's*] *1925(b)* [*S*]*tatement neither concisely nor coherently sets forth the issues complained of on appeal and demonstrates that* [*325 S. 18th Street, LLC*] *breached its duty of good faith to the* [*Trial*] *Court.*  The [1925(b) S]tatement is [26] pages long with [12] exhibits, more akin to a brief than a 1925(b) [S]tatement.  In the [S]tatement, [325 S. 18th Street, LLC] makes numerous accusations of corruption against th[e Trial] Court, PCDC and its legal counsel[] . . . . , PCDC's engineer[] . . . , and the Philadelphia Historical Commission. Additionally, [325 S. 18th Street, LLC] includes a section, entirely unrelated to the orders . . . appealed, stating that th[e Trial] Court should have recused itself or, in the alternative, been disqualified from presiding over this case due to "[the trial judge's] animus . . . towards . . . [325 S. 18th Street, LLC] and [its] counsel, disturbing dishonesty regarding participation in settlement discussions/conversations, and impaired health – physical, mental, and emotional . . . ." [325 S. 18th Street, LLC] also, quite disturbingly, references the death of [the trial judge's] mother and a . . . recent stint in the hospital as reasons why [the trial judge] could not possibly[] . . . be mentally fit to preside.  *The length and brief-like nature of the* [*1925(b) S*]*tatement, the frivolous and redundant claims of corruption, and the frivolous, irrelevant, and shockingly without candor section on th*[*e Trial*] *Court's disqualification violate* [*Pa.R.A.P.*] *1925(b)(4) and* [*325 S. 18th Street, LLC's*] *duty of good faith to the* [*Trial*] *Court.*

Trial Ct. Op., 2/1/23, at 4-5 (internal citations omitted) (emphasis added).

judge of engaging in "unconscionable vitriol, bias and blatant disregard for the [r]ule of law"). After 21 state court appeals and 2 federal cases, Appellants continue to assert the same allegations of bias, conspiracy, and collusion that multiple courts have rejected as baseless.[13]

Our limited review of Appellants' deficient filings reveals a flagrant disregard of the Pennsylvania Rules of Appellate Procedure, which is particularly disturbing considering that 325 S. 18th Street, LLC filed a counseled brief. While this Court may have tolerated some similar deficiencies in the past, we will not continue to do so in perpetuity. We conclude that Appellants' substantial noncompliance with our Rules of Appellate Procedure impairs our ability to meaningfully review these appeals.

Accordingly, we quash Appellants' appeals from the Trial Court's May 10, 2022 Order granting PCDC's Finality Motion because we conclude that the Order was a legal nullity. We quash Appellants' appeals from the remaining Trial Court Orders identified in their Notices of Appeal due to their failure to comply with the mandatory requirements of our Rules of Appellate Procedure.

_____
ELLEN CEISLER, Judge

---

[13] *See, e.g.*, *Rufo v. Fox* (E.D. Pa., No. 21-2861, filed Nov. 18, 2021), 2021 WL 5399912 (dismissing a complaint filed by 325 S. 18th Street, LLC, which alleged a statewide conspiracy between PCDC, its counsel, the Pennsylvania Attorney General, and two Trial Court judges, on the ground that none of the claims alleged was facially plausible), *aff'd*, (3d Cir., No. 21-3318, filed Nov. 3, 2022), 2022 WL 16646689.

17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles J. Walsh, III and Laura Blau and Philadelphia Community Development Coalition | : | **CASES CONSOLIDATED** |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | No. 577 C.D. 2022 |
| | : | |
| Teresa F. Isabella and 325 S. 18th Street, LLC | : | |
| | : | |
| | : | |
| Appeal of: Teresa F. Isabella | : | |
| | | |
| Charles J. Walsh, III and Laura Blau and Philadelphia Community Development Coalition | : | |
| | : | |
| | : | |
| | : | |
| v. | : | Nos. 624 and 1166 C.D. 2022 |
| | : | |
| Teresa F. Isabella and 325 S.18th Street, LLC | : | |
| | : | |
| | : | |
| Appeal of: 325 S. 18th Street, LLC | : | |
| | | |
| Charles J. Walsh III and Laura Blau and Philadelphia Community Development Coalition | : | |
| | : | |
| | : | |
| | : | |
| v. | : | No. 1235 C.D. 2022 |
| | : | |
| Teresa F. Isabella and 325 S. 18th Street, LLC | : | |
| | : | |
| | : | |
| Appeal of: 325 S. 18th Street, LLC | : | |

Charles J. Walsh III, and Laura Blau,   :
and Philadelphia Community              :
Development Coalition                    :
                                         :
                                         :
            v.                           :   No. 76 C.D. 2023
                                         :
Teresa F. Isabella and                   :
325 S. 18th Street, LLC                  :
                                         :
Appeal of: 325 S. 18th Street, LLC       :

## **O R D E R**

AND NOW, this 23rd day of December, 2024, the above-captioned appeals filed by Teresa F. Isabella and 325 S. 18th Street, LLC are hereby QUASHED for the reasons stated in the foregoing Memorandum Opinion.

ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles J. Walsh, III and Laura Blau  :    CASES CONSOLIDATED
and Philadelphia Community        :
Development Coalition             :
                                :
          v.           :    No. 577 C.D. 2022
                                :    Submitted:  October 8, 2024
Teresa F. Isabella and 325 S. 18th  :
Street, LLC              :
                                :
Appeal of: Teresa F. Isabella    :

Charles J. Walsh, III and Laura Blau  :
and Philadelphia Community        :
Development Coalition             :
                                :
          v.           :    Nos. 624 and 1166 C.D. 2022
                                :
Teresa F. Isabella and 325 S.18th   :
Street, LLC              :
                                :
Appeal of: 325 S. 18th Street, LLC  :

Charles J. Walsh III             :
and Laura Blau               :
and Philadelphia Community        :
Development Coalition             :
                                :
          v.           :    No. 1235 C.D. 2022
                                :
Teresa F. Isabella and        :
325 S. 18th Street, LLC       :
                                :
Appeal of: 325 S. 18th Street, LLC  :

Charles J. Walsh III, and Laura Blau,  :
and Philadelphia Community        :
Development Coalition             :
                                :
          v.           :    No. 76 C.D. 2023
                                :
Teresa F. Isabella and        :

325 S. 18th Street, LLC : 
:
Appeal of: 325 S. 18th Street, LLC :

BEFORE: HONORABLE ELLEN CEISLER, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

CONCURRING AND DISSENTING OPINION
BY SENIOR JUDGE LEAVITT                    FILED: December 23, 2024

Teresa F. Isabella and 325 S. 18th Street, LLC (appellants) have appealed an order of the Philadelphia County Court of Common Pleas (trial court) that made the court's approval of the sale of a blighted building a final order for purposes of appeal. The trial court entered its finality order because it determined that an immediate appeal would facilitate a resolution of the entire case. The majority holds that the trial court's finality order is a nullity, thereby granting the appellants the relief they seek. With respect, I dissent from the decision to quash the appeal.

On January 6, 2022, the trial court entered an order approving the sale of a blighted building owned by 325 S. 18th Street, LLC. On January 17, 2022, the Philadelphia Community Development Coalition (Coalition) filed an application to have the approval determined a final order under Pennsylvania Rule of Appellate Procedure 341(c), PA.R.A.P. 341(c). On May 10, 2022, the trial court granted the Coalition's application to allow an appeal of its order of January 6, 2022. Isabella filed her appeal to this Court within 30 days of the finality order.

Pennsylvania Rule of Appellate Procedure 341(c) states:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party

MHL-2

claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

> (1) An application for a determination of finality under subdivision (c) must be filed within 30 days of entry of the order. During the time an application for a determination of finality is pending, the action is stayed.
>
> (2) *Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.*
>
> (3) A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c). *Any denial of such an application is reviewable only through a petition for permission to appeal under* Pa.R.A.P. 1311.

PA.R.A.P. 341(c) (emphasis added).

An application for finality is deemed denied if not granted within 30 days of the application's filing. PA.R.A.P. 341(c)(2). Here, the trial court stated that it ruled on the application within 30 days of learning of the application, which was on April 20, 2022. The trial court explained that the Coalition's application had been "incorrectly assigned to a different [j]udge." Trial Ct. Op., 9/6/2022, at 5. However, the trial court "rule[d] on the motion within 30 days of receipt." *Id*.

The finality order stated as follows:

MHL-3

NOW this 10th day of May, 2022, upon Motion filed by the Philadelphia Community Development Coalition, Inc., and any response there, it is hereby ORDERED and DECREED that:

a) *The order of this Court dated January 4, 2022 and entered on January 6, 2022 is marked as a Final Order* in accordance with Rule 341(c) of the Pennsylvania Rules of Appellate Procedure for the purpose challenging the authority, right and ability of the Philadelphia Community Development Coalition, Inc., as the Court-appointed conservator of 325 S. 18th Street, Philadelphia, to sell and transfer of 325 S. 18th Street, Philadelphia to OCF Holdings or its affiliated company;

b) *Any party who appeals from the Order dated January 4, 2022 and entered on January 6, 2022* approving the Sales Contract with and transfer to OCF Holdings, LLC or its affiliated company, *must*, in accordance with Rule 1733 and 1734 of the Pennsylvania Rules of Appellate Procedure, and this Court's prior order dated March 19, 2021, as adjusted by this Order, shall *post "appropriate security"* – within five (5) business days from the docketing of this Order – in the amount of $ 1,504,092.73 – as financial security for an appeal from the January 4, 2021 order and/or to effectuate a stay of the sale of 325 S. 18th Street, Philadelphia, PA to OCF Holdings, LLC or its affiliated company[.]

Trial Court Order, 5/10/2022, at 1 (emphasis added). The order established, unequivocally, that the January 6, 2022, order was final and appealable and provided instructions on how to perfect an appeal.

In order to hold the trial court's order a "nullity," this Court reverses the trial court's conclusion that the finality order satisfied the 30-day deadline in PA.R.A.P. 341(c)(2). The trial court held that the administrative breakdown in the court's assignment protocol warranted *nunc pro tunc* relief, and I discern no error in its holding. The *nunc pro tunc* doctrine applies to deadlines set by court order, court rule or statute. *See generally Scott v. Unemployment Compensation Board of Review*

MHL-4

(Pa. Cmwlth., No. 125 C.D. 2017, filed December 20, 2017)[1] (*nunc pro tunc* doctrine applies to deadlines set by the Pennsylvania Rules of Appellate Procedure). The majority cites no authority for its holding that *nunc pro tunc* cannot be applied where the deadline originates in a court rule.

The majority exercises this Court's appellate jurisdiction to reverse the trial court's conclusion and hold its finality order a "nullity" that is void and unenforceable. The majority's holding cannot be reconciled with its order to quash the appeal. Thus, I dissent from the majority's decision to quash the appeals of Isabella and 325 S. 18th Street, LLC. However, I concur in the majority's order on the parties' other appeals.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[1] *Scott* is an unreported decision that is not binding precedent but is cited for its persuasive value. 210 Pa. Code §69.414(a).

MHL-5